WILSON, County Judge et al. v. WELLER
et al.

No. 11885.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 13, 1948.

J. H. Kidd, Jr., of Kingsville, Denman, Franklin & Denman, of San Antonio, Benjamin A. Glusing, of Kingsville, and B. D. Tarlton, of Corpus Christi, for appellants.

L. Hamilton Lowe, of Austin, J. H. Fugate, of Kingsville, A. J. Vale, of Rio Grande City, and Lyman &| Pitman, of Corpus Christi, for appellees.

NORVELL, Justice.

This is an appeal from an order granting a temporary injunction restraining the Commissioners' Court of Kleberg County from attempting to place in effect or enforce a certain order of said commissioners' court adopted at a special meeting on June 7, 1948, which attempted to change and redefine the boundary lines of two commissioners' precincts, two justice precincts and two voting precincts located in Kleberg County. The plaintiffs below and appellees here are resident tax-paying voters of the precincts affected.

The issue here is whether or not the trial court abused its discretion in issuing the temporary order which is to remain effective until final disposition of the case upon the merits.

The commissioners' court order of June 7, 1948, sought to transfer approximately eleven thousand acres of land from commissioners' precinct No. 2, to commissioners' precinct No. 1, and make corresponding changes in the justice and election precincts. The territory affected had been part of election precinct No. 6 and was transferred to election precinct No. 3 by the order. An entire election precinct was not transferred from one commissioners' precinct to another, but only a part of an election precinct was affected.

The trial court held that the commissioners' court was without authority to change the boundaries of election precincts at a special meeting in June and, consequently, the order as to election precincts was void, "and that the attempted creation of, and change in commissioners' precincts and in justice precincts of Kleberg County,

Texas, by said commissioners' court order of June 7, 1947, cannot stand separately and apart from the change in election precincts and that therefore the whole order is void and should be set aside and held for naught, * * *."

Certain additional findings were contained in the order, which we need not notice, as in our opinion, the holdings of the lower court, above set out, are correct and support the temporary writ.

Article 2933, Vernon's Ann.Civ.Stats., reads as follows, to-wit:

"Each commissioners court may, if they deem it proper, at each August term of the court, divide their respective counties, and counties attached thereto for judicial purposes, into convenient election precincts, each of which shall be differently numbered and described by natural or artificial boundaries or survey lines by an order to be entered upon the minutes of the court. They shall immediately thereafter publish such order in some newspaper in the county for three consecutive weeks. If there be no newspaper in the county, then such copy of such order shall be posted in some public place in each precinct in the county. No election precinct shall be formed out of two or more justice precincts, nor out of the parts of two or more justice precincts. The commissioners court shall cause to be made out and delivered to the county tax collector, before the first day of each September a certified copy of such last order for the year following."

This article is substantially the same in provision as Section 7 of the original Terrell Election Law (Chapter 11 of Acts of 1905, 29th Legislature, 1st Called Session, p. 520) and is now a part of Title 50, 1925, Revised Statutes relating to "Elections."

The Terrell Election Law of 1905 is some 45 pages in length (Gen.Laws, 29th Leg., 1st Called Session, pp. 520–565) and consists of 195 sections. While the Act has been amended from time to time, it remains the basic legislative enactment governing elections in Texas, and was intended to provide orderly processes for making effective the will of the electorate. For this reason the statutory designation of the August term as the time when the commissioners' court may, if it deems advisable, make changes in election precincts can not be disregarded. It can hardly be said that the Legislature by providing for changes in election precincts during the August term intended that the commissioners' court could change election precincts at any time. If the statute be disregarded, confusion in election processes would result. The payment of poll taxes and the certifying of poll lists would be seriously interfered with. If election precinct lines could be changed immediately before elections, a virtual disenfranchisement of voters might result. The purpose of this law is to prevent and not permit practices which tend to bring about uncertainty and disorder.

Appellants rely upon State ex rel. Dowlen v. Rigsby, 17 Tex.Civ.App. 171, 43 S.W. 271, opinion by Judge Williams, who afterwards served with distinction as a member of the Supreme Court. In the case cited, it was held that under the constitutional grant of power contained in Article 5, section 18 of the Texas Constitution, Vernon's Ann.St., a commissioners' court could divide the county into commissioners' precincts and justice precincts whenever said court was of the opinion that the convenience of the people would be served thereby. In the Rigsby case it does not appear that election precincts were affected by the order there involved, or that the commissioners' court sought to transfer territory from one voting precinct to another. In the present case election precincts are involved and the order of June 7, 1947, insofar as it relates to election precincts is ineffective and void. In this situation, we think the general rule applicable to partial invalidity of statutes is applicable to the commissioners' court order here involved. The rule is stated in Texas Jurisprudence as follows:

"Generally speaking, invalidity of part of a statute permeates the entire act where the invalid portion is an integral and nec essary part of the law—a part so intimately connected with the remainder as to preclude its separation and to negative a pre-

sumption that the Legislature would nevertheless have passed the act."

We can not attribute to the commissioners' court an intention to have and recognize election precincts including territory lying within more than one justice or commissioners precinct. Article 2933; Hogg v. Campbell, Tex.Civ.App., 48 S.W. 2d 515.

For the reasons stated, we are of the opinion that the trial judge did not abuse his discretion in granting the temporary injunction. The order appealed from is affirmed.

SMITH, C. J., and MURRAY, J., concur.