

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 25, 1951

Hon. Boyd Barjenbruch
County Attorney
Montague County
Montague, Texas

Opinion No. V-1218

Re: Validity of a commis-
sioners' court order
creating new justice
precincts without cor-
respondingly changing
the boundaries of elec-
tion precincts.

Dear Sir:

Your request for an opinion presents five sep-
erate questions relating to the validity of an order of
the Commissioners' Court of Montague County creating new
justice precincts. You state that:

"On January 10, 1949, the Commission-
ers Court of Montague County, Texas, en-
tered an order creating 4 new Justice
Precincts in Montague County, Texas, in
lieu of the 8 precincts which were in ex-
istence at that time.

"In creating the 4 new Justice Pre-
cincts, the Commissioners Court crossed
certain Election Precinct lines, thereby
placing said election precincts or parts
thereof in two different Justice Precincts.

"In the elections of 1950, Justices of
the Peace were elected for the 4 new created
Justice Precincts, who took office January 1,
1951. And there were constables elected for
Justice Precincts Nos. 1, 2, and 3 and there
was no candidate for the office of constable
in Precinct No. 4.

"In creating the 4 new Justice Pre-
cincts, the Commissioners Court failed to
create new election precincts to correspond
with the boundaries of said 4 Justice Pre-
cincts and have the election precincts en-
tirely within the boundaries of said Justice
Precincts."

Section 18 of Article V of the Constitution of Texas, provides in part:

"Each organized county in the State now or hereafter existing, shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. The present County Courts shall make the first division. Subsequent divisions shall be made by the Commissioner's Court, provided for by this Constitution. In each such precinct there shall be elected at each biennial election, one justice of the peace and one constable, each of whom shall hold his office for two years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 8000 or more inhabitants, there shall be elected two justices of the peace. . . ."

In discussing the power of the commissioners' court derived from the above quoted constitutional provision, it is stated in State v. Rigsby, 43 S.W. 271, 273 (Tex.Civ.App. 1897, error ref.):

"When the commissioners' court was organized, in pursuance of the constitution and the laws passed thereunder, it possessed all powers conferred by both. When the court was once established, no legislation was needed to enable it to exercise the powers given by the above provision, to divide the county into precincts. The direction is plain and simple, and without condition or restriction, except that as to the number of precincts. It is said that no procedure is prescribed by which the power is to be exercised. If any was needed, the statute supplied it, when it required that the proceedings of the court should be recorded in its minute book. Rev. St. 1895, art. 1554. This was all that was necessary. The power to divide the county into justices' precincts is also given by the statute, but not in terms so explicit as those used in the constitution. Rev. St. 1895, art. 1557. There can be no doubt that both constitution and statute confer the power, and the only question is as to its extent. It is contended that a limitation upon the power is

found in the constitutional provision fixing
the terms of office of precinct officers; and
that, since they are to hold for two years,
it follows that the precincts cannot be changed
during the terms, because the power to alter
them would practically enable the court to de-
stroy the office. The language of the consti-
tution expresses no such limitation. The di-
vision is to be made 'from time to time.' The
reason for the division is to be the conveni-
ence of the people; and the judge, both as to
time and convenience, is the court. The limi-
tation contended for by appellant would require
the insertion in the constitution of a proviso
which the court cannot read into it. The only
limitation imposed serves to indicate the scope
of the power. That limitation requires as many
as four, and does not allow more than eight,
precincts. But for it the county might have
been cut up into as many precincts as the court
saw proper to establish. By it the intention
is made more manifest that, within the limits,
the court is to determine the number. As to
the time of making the division, it is equal-
ly plain. The language 'from time to time,
for the convenience of the people,' clearly
means that the convenience of the people, as
judged by the court, shall control in deter-
mining the time when a division is proper.
The phrase 'from time to time' repels the
idea that it was the purpose to fix any par-
ticular time.

"If it should be urged that the provi-
sions contemplate a complete, and not a par-
tial, division, the answer is that, in effect
they are the same. When two precincts are
made out of one, or the boundaries between
two are changed and defined, leaving all of
the others unchanged, the effect is the same
as if an order were entered setting out anew
the boundaries of the unchanged precincts, as
well as those changed. As no form of proce-
dure is prescribed, there could be no substan-
tial objection to such action. The power to
establish the precincts does not necessarily
conflict with the provisions fixing the terms
of office. They must stand together. The of-
fice is taken subject to the power to change
the boundaries of the precincts. . . ."

The court, in Hastings v. Townsend, 136 S.W. 1143, 1145 (Tex.Civ.App. 1911), held:

"It appears to be the undoubted right of a commissioners' court to change the boundaries of justice's precincts at will, and it has been held that such courts may abolish a precinct and create a new precinct composed of the one abolished and a part of another, and that it was immaterial that the court did not at the time redistrict the whole county. State v. Rigsby, 17 Tex.Civ.App. 171, 43 S.W. 271."

The Supreme Court, in Williams v. Castleman, 112 Tex. 193, 247 S.W. 263 (1922), reviewed the above cases and made the following observation, at page 267:

"It is thus seen that there is no limitation on the time when the commissioners' court may divide a county into justice precincts, and that, aside from the maximum and minimum prescribed in the Constitution, there is no limitation as to number. The Constitution does not state how the power of division by the commissioners' court shall be exercised, nor does the statute. From the quotation from the opinion by Judge Williams, supra, it is clear that no legislative action was necessary. It is certain that, in the absence of reasonable legislative action, the commissioners' court may perform the duty enjoined upon them in their own way, so long as that performance does not amount to a gross abuse of power, is not fraudulently exercised, or is not so grossly arbitrary as that, under principles unnecessary to discuss, it might be void and amount to no action. Bourgeois v. Mills, 60 Tex. 76. Since it is clear that the determination of the facts necessary for action by the commissioners' court is not made dependent on state legislative action, it is inconceivable that it should be made dependent upon federal action, in the form of the United States census, unless the Constitution expressly so stated, which is not the case.

"There is no part of the duty enjoined by section 18, art. 5, on the commissioners'

court which may be performed without consider-
ing the population, occupations, and indus-
tries, not only of the county, but of each
contemplated subdivision of the county; and
to say that the commissioners' court must
follow the census reports, which are issued
only every 10 years, is to destroy the very
purpose of the power conferred on the com-
missioners' court to divide the county from
time to time into a sufficient number of
justice precincts for the convenience of the
people.

"It is plain from section 18, art. 5, of
the Constitution that its prime purpose in not
fixing definitely the number of justice pre-
cincts in any county, and the number of jus-
tices in any particular precinct was, as it
states, 'the convenience of the people'; that
is, to give to the commissioners' court some
discretion so that the number of precincts
may be made to meet the changing needs of the
people.

"The object of the Constitution in pro-
viding for two justices of the peace in pre-
cincts containing 8,000 or more inhabitants
is the same as that declared in the previous
paragraph of the same section--that is, for
the convenience of the people. No method of
determining the population is given in this
section or elsewhere in the Constitution.
The determination of the population by some
authority is necessary to set in motion the
process by which two justices are to be elect-
ed, or a vacancy in the office filled by ap-
pointment. The Constitution contains no express
direction, either to the electorate or to the
appointive power, as to how or when this ques-
tion of population is to be determined, nor is
any provision made in the statutes therefor.
Vernon's Complete Texas Statutes, arts. 2241,
2286. But legislation was not necessary to
enable the commissioners' court to exercise
any of the powers given in this provision of
the Constitution."

In Attorney General's Opinion V-1032 (1950), it
is stated:

"In view of the foregoing you are advised that the Commissioners' Court of Sabine County had the authority to redistrict the justice precincts in the county so as to provide that the county would consist of four justice precincts rather than eight regardless of the territory the justice precincts now include." (Emphasis added.)

See also Brown v. Meeks, 96 S.W.2d 839 (Tex.Civ.App. 1936 error dism.).

In view of the foregoing, it is our opinion that the order of the commissioners' court creating new justice precincts is a valid exercise of its power expressly granted by the provisions of Section 18 of Article V, Constitution of Texas.

The conclusion we have reached above makes unnecessary an answer to your remaining questions. Hogg v. Campbell, 48 S.W.2d 515 (Tex.Civ.App. 1932), and Wilson v. Weller, 214 S.W.2d 473 (Tex.Civ.App. 1948), are, in our opinion, not applicable to the questions presented. These cases involved the validity of orders of the commissioners' court creating new election precincts under Article 2933, V.C.S., while your request involves an order of the commissioners' court creating only new justice precincts under Section 18 of Article V, Constitution of Texas. In this connection, any future order defining new election precincts must conform to the newly created justice precincts as provided in Article 2933.

## SUMMARY

Section 18 of Article V of the Constitution of Texas authorizes the commissioners' court to abolish existing justice precincts and create new justice precincts at any time for the convenience of the people, regardless of the territory to be included in the precincts. The only limitation on this power is that there must be at least four and not more than eight justice precincts at all times. State v. Rigsby, 43 S.W. 271 (Tex.Civ.App. 1897, error ref.); Hastings v. Townsend, 136 S.W. 1143 (Tex.Civ.App. 1911); Williams v. Castleman, 112 Tex. 193, 247 S.W. 263 (1922);

Brown v. Meeks, 96 S.W.2d 839 (Tex.Civ.App. 1936, error dism.); Att'y Gen. Op. V-1032 (1950).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By *John Reeves*
John Reeves
Assistant