

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 29, 1972

Hon. Curtis L. Owen
Criminal District Attorney
Smith County Courthouse
Tyler, Texas 75701

Opinion No. M-1111

Re: Whether the current
election precincts in
Smith County were
formed in violation
of Article 2.04(b),
Texas Election Code?

Dear Mr. Owen:

You have requested the opinion of this office regarding the above question. In this connection you have provided us with the following information:

". . . The Commissioners' Court, on December 14, 1970, redrew and adopted new justice precincts for Smith County. On January 4, 1972, the Smith County Commissioners' Court, at its regular meeting in the Smith County Courthouse at Tyler, Texas, again redrew and adopted new justice precincts for the County. Justice Precinct 1, of Smith County, Texas, then and now stretches across the middle of the County in belt-like fashion and includes all of the City of Tyler. Justice Precincts 2,3,4 and 5 constitute outlying justice precincts and until the first aforesaid meeting of the Commissioners' Court, their precincts did not come within the city limits of Tyler. In both meetings the redrawing of the justice precincts included the extension of Precincts 2,3,4 and 5 from the outlying area of Smith County into Precinct 1 and the City of Tyler over roads and streets ending at the Courthouse.

"The population of Precinct 1 is about 60,000. The total population of Precincts 2, 3, 4 and 5 is about 35,000. The result before the redrawing was

an overburdening case load for the Justice of the Peace of Precinct 1 and a much less burden for the other outlying justices.

"On December 14, 1970, the Commissioners' Court, in order to alleviate the burdensome Court docket of Justice Precinct 1, endeavored to extend each of the outlying justice precincts over roads and streets into Tyler ending at the Courthouse so that these justices too could sit in Court at the Courthouse and share the burden of the growing metropolis and its resulting case load.

"The redrawing made by the Commissioners' Court of the outlying justice precincts at both meetings resulted in arm-like appurtenances along roads and streets reaching into Precinct 1 to the County Courthouse in Tyler.  Precinct 2 was brought into Precinct 1 and to the Courthouse by means of Highway 2493, Highway 155, Glenwood Street North in Tyler, and Erwin Street East to the Courthouse, Precinct 3 was extended to the Courthouse in Tyler by means of Highway 110, Troup Highway in Tyler, Beckham Street North, and Erwin Street West. Precinct 4 was extended to the Courthouse in Tyler by means of Highway 271, Dixie Highway in Tyler, Beckham Street South in Tyler, and Erwin Street West.  Precinct 5 was brought into Precinct 1 and to the Courthouse by means of Highway 69, Bow Street in Tyler, and Broadway Street South.

"There are, of course, no people living on the surface of any of these streets and roadways. There are, however, people and election precincts on either side of these roadway extensions from each outlying precinct into and through Precinct 1.

"On December 13, 1971, the Commissioners' Court adopted new election precincts for Smith County, Texas.  The result of this redrawing was that each of the arm-like extensions from each of the outlying

justice precincts split and/or formed new election precincts within Precinct 1 which had heretofore exclusively been within and formed within Justice Precinct 1.  The result was that Justice Precinct 2 along with Precinct 1 aided in the formation of Election Precincts 35, 36, 33 and split 20 in Smith County.  Precinct 3 aided in the formation of Election Precincts 21 and 23, and as a result of the new drawing completely split Election Precinct 20.  Justice Precinct 4 runs through Election Precinct 2 and 20.  Precinct 5 aided in the formation of Election Precincts 16, 12 and 34 and split Election Precincts 11 and 20.

"Does the fact that one or more justice precincts cross another justice precinct by means of a roadway, representing no people within the justice precinct which they cross, constitute a formation of an election precinct out of two or more justice precincts, or out of the parts of two or more justice precincts, in violation of Article 2.04b of the Texas Election Code?"

The provisions of Article 2.04(b) of the Texas Election Code, reads, in part, as follows:

"No election precinct shall be formed out of two or more justice precincts or commissioners precincts, nor out of the parts of two or more justice precincts or commissioners precincts; and no election precinct shall be formed out of two or more congressional districts. . . ."

The article is mandatorily prohibitive in nature; the formation of an election precinct from two or more justice precincts is prohibited.  As the lines are presently drawn "arm-like" appurtenances of the outlying justice precincts (2,3,4 and 5) extend into justice precinct No. 1 and commonly culminate at the Courthouse.  Your letter does not spell out the precise boundary of the end of these arms.  If the arms terminate at the perimeter of the Courthouse square, the Courthouse Building (and its courtrooms) are beyond the boundaries of these

arms; if the arms extend into the courthouse building, there is a portion of the county, within the building, which is common to all five justice precincts. Under the first hypothesis, the stated purpose would not be accomplished; under the second, the justice precincts would overlap in contravention of the intent of Article V, Section 18 of The Texas Constitution, which provides that every county in the State shall be divided into not less than four and not more than eight justice precincts. It is implicit that there is to be no overlap, and that each justice precinct shall occupy and include specific definable territory, to the exclusion of any other justice precinct.

As the justice precinct lines are currently drawn, election precinct No. 12 includes part of justice precinct No. 1 and part of justice precinct No. 5; election precinct No. 2 includes parts of justice precincts No. 1 and No. 4. As you point out, there are many other examples. This is clearly in contravention of the express prohibition of Article 2.04(b) of the Election Code (supra).

Hogg v. Campbell, 48 SW(2) 515, (Tex.Civ.App, 1932, no writ) is authority for the proposition that an order of the Commissioner's Court which attempts to create an election precinct which contains parts of more than one justice precinct is void as being in contravention of Article 2933, Vernon's Civil Statutes, the precursor of Article 2.04 of the Texas Election Code.

The redrawing of the precinct lines in the attempted manner is beyond the delegated authority of the Commissioner's Court and is void. The last decision of our Texas Supreme Court relating to boundaries of geographical areas from which representatives of government are elected is Smith v. Craddick, 471 SW2d 375 (Tex.Sup. 1971). The Court held that the requirements of Article III, Section 26 of the Texas Constitution relating to the maintenance of county boundaries in apportionment for Representative Districts was to be given effect "... without regard to the consequences..." These requirements were superseded only by the Constitution of the United States. While this case is not directly in point, our opinion is that it is relevant and supports our position that the plain language of the law relating to boundaries of political areas of the state is to be enforced. See also Wilson v. Weller, 214 SW2d 473, 475 (Tex.

Civ. App. 1948, no writ), wherein the court declared that the Commissioner's Court could not "have and recognize election precincts including territory lying within more than one justice or commissioners precinct."

## S U M M A R Y

The extension of outlying Justice Precincts Nos. 2,3,4 and 5 of Smith County by arm-like appurtenances to a common point within Justice Precinct No. 1, when such "arms" cut across election precincts, is in contravention of Article 2.04(b), Texas Election Code. An order of the Commissioner's Court which attempts to do so is without statutory authority and therefore void.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert W. Gauss
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

W. O. Shultz
Jack Goodman
Ralph Rash
Houghton Brownlee

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant