THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL



January 5, 1972

Hon. F. B. Lloyd, Jr.
District Attorney
P. O. Box 965
Alice, Texas 78332

Dear Mr. Lloyd:

Opinion No. M- 1037

Re: Several questions relating to
the validity of County Com-
missioner's precincts and
county election precincts.

In your request for an opinion you state the following:

"Prior to August 11, 1970, Jim Wells County
was divided into certain Commissioners and
Election Precincts.

"On August 11, 1970, the Commissioners Court
re-districted the Commissioners' precincts in an
attempt to comply with the 1-Man, 1-Vote Rule.
At that time, a suit had been filed in Federal
Court seeking to have the County Commissioners'
precincts re-districted; after the Order of
August 11, 1971, was entered, the Federal suit
was dismissed. No orders concerning the re-
districting had ever been entered by the Federal
Court. In order to accomplish the Commissioners'
precinct re-districting, it was necessary to
rearrange the then existing Election Precincts
because the new Commissioners' precinct lines
would have passed through several different
election precincts, in contravention of Section
(b) of Article 2.04 of the Texas Election Code
which provides that no Election Precinct shall
be formed out of two or more Commissioners'
precincts. Several new Election Precincts
were created and the boundary lines of several
old Election Precincts were changed in order
to accomplish this purpose.

"On October 4, 1971, a special meeting of
the Commissioners' Court was held to hear the

protests of an attorney for several citizens
of Jim Wells County, who pointed out to the
Commissioners' Court that after the Order of
August 11, 1970, changing the Election Precincts,
had been passed, no publication had been made in
any newspaper giving notice of such Order, as
required by Section (a) of Article 2.04, Texas
Election Code.

"At the October 4, 1971, Commissioners
Court meeting, an order was entered rescinding
the Order of August 11, 1970 . . ."

We presume, from this statement of facts, that the order
of October 4, 1971, intended to rescind the entire order of August
11, 1970.

You have requested an opinion on the following questions:

"1. Was the Order entered on August 11,
1970, void because of the failure to publish
the notice required by Sec. (a) of Article 2.04,
Texas Election Code?

"2. If so, was the action of the Commissioners
Court in redistricting the Commissioners' precincts
void because of the prohibition of Section (b) of
Article 2.04, Texas Election Code, against Voting
Precincts being formed out of two or more Com-
missioners' Precincts?

"3. Did the Commissioners Court have the
authority, on October 4, 1971, to rescind the
Order of August 11, 1970?

"4. If so, is the Order of October 4, 1971,
a copy of which is attached, sufficient to ac-
complish this purpose or should the Order spe-
cifically provide that the Commissioners and
the Election Precincts, as they existed prior
to August 11, 1970, were reinstated?

"5. Is it necessary that notice by publica-
tion be made of the Order of October 4, 1971,
under Section (a), Article 2.04, Texas Election
Code?"

You state in your letter that the Commissioners were aware on October 4, 1971, of Attorney General's Opinions O-4623 and V-266.

It would seem that the precise inquiry posed by your Question No. 1 was the subject of the two above-mentioned Attorney General's Opinions. Our Opinion No. O-4623 (1942) held that the requirement of publication of notice of election precinct lines under Article 2933, Vernon's Civil Statutes (the predecessor statute to Article 2.04, Texas Election Code) is mandatory and failure to comply is fatal. Our Opinion No. V-266 (1947) is to the same effect. Article 2.04(a), Texas Election Code, contains the same mandatory provision as to publication of notice of change of election precinct lines; that the Commissioners Court "shall immediately thereafter publish . . . a notice of the entry of such order, . . ." We adhere to our interpretation of the law as set forth in those opinions, and therefore, in answer to your first question, we have concluded that insofar as the order of August 11, 1970, related to changing the election precinct lines, it was void for failure to publish immediately the notice of change in accordance with the mandatory requirements of Article 2.04 of the Texas Election Code. We will discuss hereafter the remainder of the Order relating to the boundaries of Commissioners precinct lines.

Your second question relates to the invalidity of the action of the Commissioners Court in redistricting the Commissioners precincts within the county. It is unnecessary for us to pass upon this question since the Commissioners Court has set aside its previous order changing the Commissioners precincts. Since these precinct lines will have to be redefined the question of whether this change was an inseparable part of the order changing election precinct lines is now moot.

With reference to your third question, you are advised that the Commissioners Court did have the discretionary authority, by its Order of October 4, 1971, to rescind the prior Order of August 11, 1970. The Commissioners Court may change Commissioners precinct boundaries at any time. Turner v. Allen, 254 S.W. 630 (Tex.Civ.App. 1923, error dism.); Article V, Section 18, Constitution of Texas. With reference to your question, your attention is invited to the case of Wilson v. Waller, 214 S.W.2d 473 (Tex.Civ. App. 1948, no writ) which held that the Commissioners Court Order is invalid and should be set aside where it sought to redefine corresponding boundary lines of several Commissioners and Justice Precincts and several election precincts, yet did not transfer

an entire election precinct from one Commissioners precinct to another but rather only part of an election precinct. Article 2.04 of the Election Code also provides that election precincts may not cross Commissioners precinct lines and requires the Court to cause the necessary changes to prevent this situation. The duty of the Commissioners Court to reform the several precinct lines to comply with statutory and constitutional requirements is a continuing one. See Attorney General's Opinion No. M-606 (1970) and Avery v. Midland County, 390 U.S. 474 (1968). In view of the attempted change in precinct boundaries to conform to the void change in election precincts and the resulting confusion, we have concluded it was properly within the discretionary powers of the Commissioners Court to rescind its August 11th Order in toto, even if such entire rescission may have been unnecessary from a legal standpoint.

In reply to your fourth question, we advise that the Order of October 4, 1971, was sufficient to accomplish the purpose of rescinding the entire Order of August 11, 1970. It necessarily follows that the status of the precinct lines as of August 11, 1970, remains unchanged.

Answering your fifth question and in view of our foregoing discussion, you are advised that it is not necessary that notice by publication be made of the Order of October 4, 1971, under Section (a), Article 2.04, Texas Election Code.

## S U M M A R Y

The Commissioners Court Order of August 11, 1970, insofar as it related to changing the election precinct lines was void for failure to publish immediately the notice of changes in accordance with the mandatory requirements of Article 2.04, Texas Election Code.

Because the Commissioners Court set aside and rescinded in toto its Order of August 11, 1970, the question of whether the change in Commissioners precinct lines was an inseparable part of the Order changing election precinct lines is now moot, and the policy of the Attorney General's office prohibits it from rendering an opinion on unnecessary and moot questions.

The Commissioners Court was within its proper discretionary authority in rescinding

the Order of August 11, 1970, by its Order of October 4, 1971, which was sufficient to accomplish such purpose, thereby leaving the status of the precinct lines as of August 11, 1970, unchanged.

It was not necessary that notice by publication be made of the rescinding Order of October 4, 1971, under Section (a) of Article 2.04, Texas Election Code.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert W. Gauss
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bill Craig
Houghton Brownlee
Sig Aronson
Bart Boling

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant