STATE OF TEXAS EX REL. P. A. DOWLEN v. W. L. RIGSBY.

Delivered November 11, 1897.

1. **Quo Warranto—Power of Officer Not Proper Subject.**

The extent of the powers of a justice of the peace legally appointed for a given precinct, and the extent of the territory over which his jurisdiction extends, arising from a change in the boundary line between two precincts, can not be tried by quo warranto.

2. **Counties—Justice Precincts—Power of Commissioners Court.**

The County Commissioners Court is authorized by the Constitution, article 5, section 18, without any legislation, to divide a county into justice precincts.

3. **Justice of the Peace—Precincts—Alterations.**

A justice precinct may be altered at any time, either within or at the close of his term. The justice holds his office subject to such changes.

4. **Justice Precincts—Changes—Special Term of Commissioners Court.**

It is no objection to the validity of an order changing the justice precincts of a county that it was made at a special term of the Commissioners Court.

APPEAL from Jefferson. Tried below before Hon. STEPHEN P. WEST.

*M. L. Broocks* and *Votaw, Chester & Dies*, for appellant.—1. An order of the commissioners court made at a special session, abolishing a justice precinct and re-establishing same by adding thereto a large portion of another justice precinct, for which there was elected a justice whose term of office has not yet expired, or been otherwise vacated, is without authority and void. Const., art. 5, sec. 18; Rev. Stats. 1895, art. 1560.

2. One elected to the office of justice of the peace has a property right in the fees of the office, and has a right to hold the office for the term of two years, and to receive all of the fees of the office within and for the territory for which he was elected; and the commissioners court is without

authority to deprive him of any part of said office or the fees thereof by taking a portion of the territory or the precinct for which he was elected, and placing it in another precinct during his term of office. Const., art. 3, sec. 18; Rev. Stats. 1895, art. 1560; 70 Texas, 563; 15 Texas, 577; 33 S. W. Rep., 585; 63 Texas, 261; King v. Hunter, 6 Am. Rep., 754; Warner v. People, 43 Am. Dec., 740.

*O'Brien, Bordages & O'Brien* and *S. V. Brown,* for appellee.—1. The orders of the commissioners court, though made at a special session, whereby was abolished and re-established justice precinct No. 5, of Jefferson County, by adding to it a portion of the territory which had previously constituted a part of precinct No. 1, in which appellant had been previously elected justice of the peace for a term which had not yet expired, were within the power of said commissioners court and were not void, but were effective, with the subsequent appointment of W. L. Rigsby, as justice of the peace of said newly constituted precinct No. 5, to make him the duly appointed and constituted justice of the peace of said precinct, and to reduce the territory of said precinct No. 1 to its present limits, with P. A. Dowlen as justice of the peace thereof. Const., art. 5, sec. 18; Rev. Stats., arts. 1537, 1540, 1541, 1542, 1552, 1560, 1565; Jones v. Shaw, 15 Texas, 577. State v. Owens, 63 Texas, 261.

2. As the same Constitution that created the office of justice of the peace for each justice precinct fixed the term of such office, with a statute enacted making the Constitution beyond question operative, and conferred directly upon the county commissioners court the unrestricted political power, from time to time, at regular or special terms, for the convenience of the people, to divide the county into justice precincts, not less than four nor more than eight, and as appellant accepted said office subject to such constitutional and statutory provisions, he has no right to complain of the action of the commissioners court in the premises, even though it affects his territorial jurisdiction and the emoluments of his office, as it existed when he accepted it. Wright v. Adams, 45 Texas, 134; McFall v. City of Austin, 1 White & W., C. C., sec. 452; Cool. Const. Lim., 15 ed., pp. 333, 334, and authorities supra.

WILLIAMS, ASSOCIATE JUSTICE.—This was a proceeding in the nature of a quo warranto, instituted by the district attorney by information based on the relation of P. A. Dowlen, against appellee Rigsby, in which it was alleged that the relator was the justice of the peace of precinct No. 1 of Jefferson County, and that respondent had intruded himself in the office, and asking that respondent be ousted. The answer of the respondent denied such intrusion, and set up the facts as they were shown by the evidence, and are now stated.

Prior to the general election of 1896, the county of Jefferson had been divided into precincts, two of which were No. 1 and No. 5. At that election the relator was elected and subsequently qualified as justice of the peace of precinct No. 1. Another person was elected to the same office

in No. 5, and qualified, but was afterwards required to give another bond, having failed to do which his office was vacated. While matters stood thus, the commissioners court, at a special session held on the 13th day of April, 1897, entered an order abolishing precinct No. 5 as then defined, and at the same time entered another order establishing a new precinct No. 5, composed of the territory embraced in the old precinct and of a part of that previously belonging to precinct No. 1. The territory taken from precinct No. 1 had yielded more than $500 per annum, and at least half of the perquisites of the office of justice of the peace of such precinct. At the same time the commissioners court appointed respondent to fill the vacancy in the office of justice of the peace of precinct No. 5.

Upon these facts, the court below rendered judgment for the respondent, and the State has appealed. The only question which the counsel for the parties have discussed is as to the validity of the action of the commissioners court in taking from precinct No. 1 a part of its territory and adding it to precinct No. 5.

There is at the threshold of the case a question as to the applicability of the remedy adopted to the nature of the case made by the evidence. If the respondent was legally the justice of the peace of precinct No. 5, it would seem that the extent of his powers as such, or of the territory over which his jurisdiction extended, can not be tried by quo warranto. "Since the remedy by quo warranto, or information in the nature thereof, is employed only to test the actual right to an office or franchise, it follows that it can afford no relief for official misconduct, and can not be used to test the legality of the official action of public or corporate officers. So, when a public officer threatens to exercise powers not conferred upon him by law, or to exercise the functions of his office beyond its territorial limits, the proper remedy would seem to be by injunction, rather than by quo warranto information. Thus, an information will not lie to prevent the legally constituted authority of a city from levying and collecting taxes beyond the city limits, under an Act of the Legislature extending the limits, and the constitutionality of such an act can not be determined upon quo warranto information. Nor will an information lie against the officers of a municipal corporation to determine whether certain territory has been properly annexed to the municipality." High on Ex. Rem., sec. 618, citing People v. Whitcomb, 55 Ill., 122, and Stultz v. State, 65 Ind., 492.

It may be urged that, because the commissioners court abolished the old precinct No. 5, and attempted to create a new one, and their action in creating the new precinct was beyond their powers, therefore there was no such precinct, and no office to be filled, and hence the respondent, in exercising the duties thereof, was an intruder.

We hardly think this position can be maintained, even if it be conceded that the attempt to take away a part of the territory of one precinct and add it to another was illegal and void. The two orders of the court should be treated as one act. Precinct No. 5, as it previously stood,

was abolished only in order that the new precinct might be formed. The abolition was so dependent on the further action that, if the latter should fall, the former must necessarily fall with it, and leave the precinct as it was before. It can not be conceived that the first action would have been taken but as preparatory to and a part of the second. Hence, if it is true, as claimed by appellant, that the formation of the new precinct was illegal, it is also true that the old remained as before. The appointment and qualification of the respondent made him the possessor of the office of justice of the peace, whatever might be the limits of his territorial jurisdiction.

But, since no objection is urged to the proceeding, and as the facts are shown raising questions which, had objection been made, appellant might have presented under a different prayer, we think it best to decide the real controversy between the parties. We are of the opinion that the action of the commissioners court was authorized by law, and was valid.

Section 18, article 5, of the Constitution, is as follows: "Each organized county in the State, now or hereafter existing, shall be divided from time to time, for the convenience of the people, into precincts, not less than four, and not more than eight. The present county court shall make the first division. Subsequent divisions shall be made by the commissioners court provided for by this Constitution. In each precinct there shall be elected, at each biennial election, one justice of the peace and one constable, each of whom shall hold his office for two years, and until his successor shall be elected and qualified; provided, that in any precinct in which there may be a city of eight thousand or more inhabitants, there shall be elected two justices of the peace. Each county shall in like manner be divided into four commissioners precincts, in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. The county commissioners, so chosen, with the county judge as presiding officer, shall compose the county commissioners court, which shall exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."

When the commissioners court was organized, in pursuance of the Constitution and the laws passed thereunder, it possessed all powers conferred by both. When the court was once established, no legislation was needed to enable it to exercise the power, given by the above provision, to divide the county into precincts. The direction is plain and simple, and without condition or restriction, except that as to the number of precincts. It is said that no procedure is prescribed by which the power is to be exercised. If any was needed the statute supplied it, when it required that the proceedings of the court should be recorded in its minute book. Rev. Stats., art. 1554. This was all that was necessary. The power to divide the county into justice precincts is also given by the statute, but not in terms so explicit as those used in the Constitution. Rev. Stats., art. 1537.

There can be no doubt that both Constitution and statute confer the power, and the only question is as to its extent. It is contended that a limitation upon the power is found in the constitutional provision fixing the terms of precinct officers, and that since they are to hold for two years it follows that the precincts can not be changed during the terms, because the power to alter them would practically enable the court to destroy the office. The language of the Constitution expresses no such limitation. The division is to be made "from time to time." The reason for the division is to be the convenience of the people; and the judge, both as to time and convenience, is the court. The limitation contended for by appellant would require the insertion in the Constitution of a proviso which the court can not read into it. The only limitation imposed serves to indicate the scope of the power. That limitation requires as many as four, and does not allow more than eight precincts. But for it, the county might have been cut up into as many precincts as the court saw proper to establish. By it the intention is made more manifest that, within the limits, the court is to determine the number. As to the time of making the division it is equally plain. The language, "from time to time, for the convenience of the people," clearly means that the convenience of the people, as judged by the court, shall control in determining the time when a division is proper. The phrase, "from time to time," repels the idea that it was the purpose to. fix any particular time.

If it should be urged that the provisions contemplate a complete and not a partial division, the answer is that, in effect, they are the same. When two precincts are made out of one, or the boundaries between two are changed and defined, leaving all of the others unchanged, the effect is the same as if an order were entered setting out anew the boundaries of the unchanged precincts, as well as of those changed. As no form of procedure is prescribed, there could be no substantial objection to such action.

The power to establish the precincts does not necessarily conflict with the provision fixing the terms of office. They must stand together. The .office is taken subject to the power to change the boundaries of the precincts. This is no anomaly in our law. All county officers whose compensation is derived from perquisites, and therefore dependent to some extent on the territory in which they exercise their functions, hold their offices subject to lawful power to alter that territory. While the office is property, it is held subject to the proper exercise of all such powers as these. There is no contract between the State and its officers which forbids such action. Mech. on Pub. Officers, sec. 855.

The fact that the orders in question were made at a special term of the court does not affect their validity. Special terms are authorized by law, and the only one of the powers possessed by the court which it is forbidden to exercise during such terms is that to levy a tax. Rev. Stats., arts. 1552, 1553, 1540.

*Affirmed.*

Writ of error refused.