### STATE ex rel. PHILLIPS et al. v. TRENT INDEPENDENT SCHOOL DIST. et al.

### No. 2092.

Court of Civil Appeals of Texas. Eastland

May 17, 1940.

Rehearing Denied June 14, 1940.

Gilbert Smith and Smith & Smith, all of Anson, for appellants.

Scarborough & Ely, of Abilene, for appellees.

FUNDERBURK, Justice.

About January 27, 1939, W. L. Phillips, and other individuals designating themselves "taxpayers and citizens and/or patrons of the Goodman Common School District No. 15 as it heretofore existed which is now the Goodman School District attached to the Trent Independent School District", brought an action naming as defendants Trent Independent School District and members of its Board of Trustees, by which, according to the prayer of the petition, it was sought to enjoin the defendants "from in any way attempting to interfere with the further teaching and carrying on of the school in the Goodman School District and Goodman School House and to enjoin and restrain the defendants from moving the school equipment and interfering with the progress of the grammar school at said place, with a mandatory injunction commanding and restraining the defendants to continue with the teaching of said grammar school at the Goodman School House, in Jones County, and for such other and further relief, general and special, legal and equitable, as the plaintiffs may be entitled to in the premises."

The court made an order, later referred to in a further order modifying it, as a "temporary restraining order." In said modifying order it was decreed as to the former order that it "be and the same is hereby modified, authorizing and permitting the Trent Independent School Board to remove the furniture and fixtures from the Goodman School, with the distinct understanding and agreement that if this court should finally restrain the removal of said furniture and fixtures, that the same be returned to the Goodman Building and replaced as they now are at cost of Trent District. But at this time

the order is modified, permitting the removal of said furniture and fixtures, but no fixtures shall be removed that would damage the building in which they are located."

No appeal appears to have been attempted from either of these orders.

About September 26, 1939, the court, in the same numbered cause, made an order granting permission to the County Attorney of Jones County, in the name of the State, and on relation of said W. L. Phillips, and others, to file an information in the nature of quo warranto naming the same defendants as in said former proceedings. The relief prayed in this latter action was to have a former consolidation of the Goodman Common School District (itself a consolidated common county line district partly in Fisher and partly in Jones Counties) with Trent Independent School District, in Taylor County, decreed to be void. An alternative purpose was that a certain pre-election agreement be held binding, and the Trent Independent School District be directed to "maintain the elementary schools at the Goodman school house according to their pre-election agreement and that said elementary schools be continuously maintained at the Goodman school house and school plant and that the trustees of the Trent Independent School District be directed by the order of this court to properly equip and maintain said school plant and the elementary school at the Goodman school house * * *."

In a non-jury trial the court, basing its action upon the conclusion that it was without jurisdiction to administer the internal affairs of independent school districts, and that such matters are within the exclusive jurisdiction of the trustees of said districts, gave judgment that plaintiffs take nothing by the suit. The plaintiffs have appealed.

The first purpose of the suit disclosed by the pleadings, as above stated, namely, to adjudicate the invalidity of the consolidation of the Trent Independent School District and the Goodman Common School District, was, insofar as any question is presented upon this appeal, abandoned. All of the assignments of error relate to the alternative purpose of the suit, which, as we construe the pleading, was to procure something in the nature of a mandatory injunction requiring the trustees of the Trent Independent School District to permanently maintain an elementary school at the school house in the territory comprising the former Goodman Common School District, as it existed before the consolidation with the Trent Independent School District. It was, in substance, alleged that after maintaining such elementary school for a short while following the consolidation, it had been abandoned, contrary to an alleged pre-election agreement to so maintain it.

We think the judgment rendered by the court was the only proper judgment for, perhaps, a number of different reasons. It is deemed sufficient, however, to discuss but one.

The only purpose of the suit which required it to be an action in the nature of a quo warranto has, as said before, in effect been abandoned. The only other purpose of the suit was expressly in the alternative, and sought to control by judicial processes a matter affecting the official duty of the trustees. The law required of the trustees that they "recognize or establish elementary schools within the bounds of the district as the need for such elementary schools shall appear." R.S.1925, Art. 2811. Presumably the abandonment of the elementary school at the Goodman school house was the result of an official determination by the trustees to the effect that the need of such elementary school at that place no longer appeared.

 Quo warranto (information in the nature of) is not an action available to review or control such official decision. The right of an officer to exercise certain functions as a part of the duties of his office will not be determined on a proceeding by quo warranto. State v. Smith, 55 Tex. 447. In the case cited, the Supreme Court quoting from High on Ex. Rem., declared: "'That the court will not permit its use [quo warranto] for the purpose of preventing a public officer from exercising any right or privilege incident to his office, and it cannot be used to restrain an officer from doing a particular act, the right to perform which is claimed as a part of his official functions.'" It has been said: "The proceeding [quo warranto] against an officer * * may not be extended to relief against official misconduct which does not work a forfeiture." 34 Tex.Jur. 846, sec. 4; Price v. County School Trustees, Tex.Civ.App., 192 S.W. 1140; State v. Rigsby, 17 Tex.Civ.App. 171, 43 S.W. 271. In brief, as applied to a school district it is only when official action is sought to be challenged on the ground of some in-

validity in the district that the action of quo warranto is available.

It is next in order to consider whether the individuals apart from their appearance in the capacity of relators in the action of quo warranto, but regarded as themselves plaintiffs in the suit, have shown any right to the judgment sought. In our opinion, under the facts of the case, there appears a lack of sufficient justiciable interest of such individuals in the subject-matter of the suit. The rights involved, if any, are political rights, rather than legal rights, being of the nature we had occasion to discuss, with citation of authorities, in Mickle v. Garrett, Tex.Civ.App., 110 S. W.2d 1235. If the trustees by abandoning further maintenance of the elementary school at the place in question violated their official duty, their act in doing so being within the scope of their powers affected said individuals, just as it did other citizens and patrons of the school residing in the same area. Their interest so far as the allegations of the pleadings show, was no different from that of the public generally.

The alleged pre-election agreement was not a contract to which the trustees of the Trent Independent School District and said individuals were respecting the parties. Persons acting upon such agreement were, as a matter of law, we think, charged with notice that the powers of the trustees were conferred by law for public purposes, and the exercise thereof, involving, as it does, a matter of future policy, properly subject to change to meet changing conditions, could not be restricted by an agreement of the nature of the one here involved.

The decisions relied upon by appellants are, we think, not at all applicable. In one of them (Black v. Strength, 112 Tex. 188, 246 S.W. 79, 80) is this significant statement: "The court was not binding itself to a certain course of action in the future." The agreement here in question, if effective as contended, did bind the board of trustees to a certain course of action in the future, namely, the perpetual maintenance of an elementary school at a particular place, even if the need therefor in the judgment of the trustees may have ceased to exist.

It is our conclusion that the judgment of the court below should be affirmed, and it is accordingly so ordered.