

# THE ATTORNEY GENERAL
## OF TEXAS

*Overruled By M-68 where conflicts*

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 4, 1950

Hon. L. E. King
County Attorney
Sabine County
Hemphill, Texas

Opinion No. V-1032.

Re: Validity of the submitted
Commissioners' Court order
changing the boundaries
and number of justice pre-
cincts in the County.

Dear Sir:

You have requested an opinion relative to the validity of the Commissioners' Court's order changing the boundaries and number of the justice precincts in the County, which provides as follows:

"THE STATE OF TEXAS
COUNTY OF SABINE    It is the order of the
Sabine County Commissioners' Court that Sabine County be redistricted into four (4) Justice Precincts instead of into eight (8) as it now exists.

-1-
"It is ordered that Precinct No. 1 as it now exists be combined with and include Precinct No. 7 as it now exists, and that hereafter the Precinct will be called Hemphill Precinct No. 1.

-2-
"It is the order of the Court that Precinct No. 2 shall include the now existing Precincts 4, 5 and 8; that all of these three Precincts be combined, and that the Geneva Precinct No. 2 as it will be called, shall extend co-extensive with the Outer Boundaries of each of said old precincts numbered 4, 5, and 8.

-3-
"It is ordered that the precinct now called No. 2, Pineland, shall be combined with Brookeland Precinct No. 3 as it now exists, and that the newly formed precinct shall be called Pineland Precinct No. 3.

-4-
"It is ordered that the old Precinct No. 6 boundaries remain the same as originally

described and that said Precinct shall hereafter be called Bronson Precinct No. 4.

"IT IS UNDERSTOOD that the legally elected and qualified Justices-of-the-Peace and Constable in each of the four newly numbered Justice Precincts shall remain in office in the Justice Precinct in which they reside until their successors are elected and qualified.

"There shall be continuous terms of Court in each of said four precincts and the next day after return day of service shall be called a regular term of the Court.

"Done this 10 day of January, A.D. 1949"

Section 18 of Article V of the Constitution of Texas provides:

"Each organized county in the State now or hereafter existing, shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. . . . In each such precinct there shall be elected at each biennial election, one justice of the peace and one constable, each of whom shall hold his office for two years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 8000 or more inhabitants, there shall be elected two justices of the peace. . . ."

In construing the above quoted provisions, it was held in Williams v. Castleman, 112 Tex. 193, 247 S.W. 263 (1922), that:

" . . . The Constitution has prescribed that the power of determining the number of justice precincts, and of dividing the county into them, shall be exercised 'from time to time,' which means it has a potential existence at all times, and the division, redivision, or redetermination may be made at any time. State ex rel. Dowlen v. Rigsby, 17 Tex. Civ. App. 171, 43 S.W. 271, 273. In this case the question at issue was as to what time the

commissioners' court had authority to divide or redivide a county into justice precincts. On this issue the Court of Civil Appeals, through Justice Williams, who afterwards became Associate Justice of this court, after quoting section 18 of article 5 of the Constitution, said:

"'When the commissioners' court was organized, in pursuance of the Constitution and the laws passed thereunder, it possessed all powers conferred by both. When the court was once established, no legislation was needed to enable it to exercise the powers given by the above provisions, to divide the county into precincts. The direction is plain and simple, and without condition or restriction, except that as to the number of precincts. It is said that no procedure is prescribed by which the power is to be exercised. If any was needed, the statute supplied it, when it required that the proceedings of the court should be recorded in its minute book. Rev. St. 1895, art. 1554. This was all that was necessary. The power to divide the county into justices' precincts is also given by the statute, but not in terms so explicit as those used in the Constitution. Rev. St. 1895, art. 1537. There can be no doubt that both Constitution and statute confer the power, and the only question is as to its extent. It is contended that a limitation upon the power is found in the constitutional provision fixing the terms of office of precinct officers, and that, since they are to hold for two years, it follows that the precincts cannot be changed during the terms, because the power to alter them would practically enable the court to destroy the office. The language of the Constitution expresses no such limitation. The division is to be made 'from time to time.' The reason for the division is to be the convenience of the people; and the judge, both as to time and convenience, is the court. The limitation contended for by appellant would require the insertion in the Constitution of a proviso which the court cannot read into it. The only limitation imposed serves to indicate the scope of the power. That limitation re-

quires as many as four, and does not allow more than eight, precincts. But for it the county might have been cut up into as many precincts as the court saw proper to establish. By it the intention is made more manifest that, within the limits, the court is to determine the number. As to the time of making the division, it is equally plain. The language 'from time to time, for the convenience of the people,' clearly means that the convenience of the people, as judged by the court, shall control in determining the time when a division is proper. The phrase 'from time to time' repels the idea that it was the purpose to fix any particular time.'"

In Brown v. Meeks, 96 S.W.2d 839 (Tex. Civ. App. 1936, error dism.), the Court stated:

"There can be no question as to the power of the commissioners' court to create new justice precincts, from time to time, for the convenience of the people. This power is given to the commissioners' courts by the Constitution of Texas (article 5, § 18) and by the statutes of this state. . . .

"It appears that the commissioners' court, in passing the order of June 1, 1936, thought they were doing a fair thing, in that they provided that any person who would live in the new precinct after January 1, 1937, could become a candidate in the July primary and the November general elections, and that any voter who would live in the new precinct after January 1, 1937, could vote at such primary and general elections, but the result of this order is that, when the new precincts come into existence, all precinct offices will be vacant and the commissioners' court will be charged with the duty of filling these precinct offices by appointment." (Emphasis added.)

In Opinion V-790 this office held that the Commissioners' Court was authorized to abolish existing justice precincts and create new justice precincts composed of the territories of existing precincts which are abolished at any time for the convenience of the people,

provided that there must be at least four and not more than eight justice precincts in the county at all times. It was further held that when such justice precincts are abolished, the offices in the old precincts become vacant and the officers of the newly created justice precincts must be appointed by the Commissioners' Court.

In view of the foregoing you are advised that the Commissioners' Court of Sabine County had the authority to redistrict the justice precincts in the county so as to provide that the county would consist of four justice precincts rather than eight regardless of the territory the justice precincts now include.

We deem it advisable, however, to point out that "when new precincts come into existence all precinct offices will be vacant and the Commissioners' Court is charged with the duty of filling these precinct offices by appointment." Brown v. Meeks, supra.

Therefore, when the order in question was passed a vacancy was created in the precinct offices of Sabine County. It is noted that the Commissioners' Court provided "that the legally elected and qualified Justices-of-the Peace and Constables in each of the four newly numbered Justice Precincts shall remain in office in the Justice Precinct in which they reside until their successors are elected and qualified." Since that portion of the order refers to "legally elected justices of the peace and constables" it is our opinion that such an order could not constitute appointments to fill the vacancies created by the order. You are therefore further advised that the Commissioners' Court should now fill these vacancies by appointment.

## SUMMARY

Commissioners' Courts have authority to abolish existing justice precincts and create new justice precincts at any time for the convenience of the prople, provided there must be at least four and not more than eight justice precincts in the county at all times. When new precincts come into existence, all precinct offices become vacant, and the Commissioners' Court is charged with the duty of filling these precinct offices by appointment.

Hon. L. E. King, page 6 (V-1032)


Tex. Const., Art. V, Sec. 18. Williams v. Castleman, 112 Tex. 193, 247 S.W. 263 (1922); Brown v. Meeks, 96 S.W.2d 839 (Tex. Civ. App. 1936, error dism.); Opinion No. V-790.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
Executive Assistant

JR:mw:bh

By John Reeves
Assistant