

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 8, 1967

Hon. James E. Barlow
Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Sir:

Opinion No. M-68

Re: Constitutionality
of Article 2351 1/2c
Texas Revised Civil
Statutes

You have requested an opinion on the constitutionality of the provision in Article 2351 1/2c, Texas Revised Civil Statutes, which states that if, upon a change of boundaries of Justice Precincts, only one previously elected or appointed Justice of Peace or Constable resides within a precinct as so changed, he shall continue in office as Justice or Constable of that precinct for the remainder of the term to which he was elected or appointed. The full text of the pertinent portion of Article 2351 1/2c, enacted in 1965, reads as follows:

" (c) When boundaries of Justice of the Peace Precincts are changed, so that existing precincts are altered, new precincts are formed, or former precincts are abolished, if only one previously elected or appointed Justice of the Peace or Constable resides within a precinct as so changed, he shall continue in office as Justice or Constable of that precinct for the remainder of the term to which he was elected or appointed. If more than one Justice or Constable resides therein the office shall become vacant and the vacancy shall be filled as in other vacancies; provided, however, that in precincts having two Justices, if two reside therein, both shall continue in office, and if more than two reside therein, both offices shall become vacant." (Emphasis supplied)

You have further inquired:

" Does a move in the precinct lines constitute a change in the precinct causing the offices involved to be vacated?"

If a change in boundary lines of itself creates a vacancy in the office by abolishing the existing precincts, then Article 2351 1/2c collides with Section 28, of Article V of the Texas Constitution, which provides as follows:

- 312 -

"Vacancies in the office of Judges of the Supreme
Court, the Court of Criminal Appeals, the Court
of Civil Appeals and District Courts shall be filled
by the Governor until the next succeeding general
election; and vacancies in the office of County Judge
and Justices of the peace shall be filled by the Com-
missioners Court until the next general election for
such offices."

Article V, Section 18 also provides, in part, as follows:

"Each organized county in the State now or hereafter
existing, shall be divided from time to time, for the
convenience of the people, into precincts, not less
than four and more then eight. The present county
courts shall make the first division. Subsequent
divisions shall be made by the Commissioners Court,
provided for by this Constitution. In each such
precinct there shall be elected at each biennial
election, one Justice of the Peace and one Constable,
each of whom shall hold his office for two years and
until his successor shall have been elected and qualified;
provided that in any precinct in which there may be a
city of eight thousand or more inhabitants, there shall
be elected two Justices of the Peace."

Article 2351, V.C.S., reads in part:

" Each Commissioners Court shall:

1. Lay off their respective counties into precincts,
not less than four, and not more than eight, for the
election of Justices of the Peace and Constables,
fix the times and places of holding Justices Courts,
and shall establish places in such precincts where
elections shall be held;...."

Article 2355 V.C.S. provides:

" The Court shall have power to fill vacancies in the
offices of: County Judge, County Clerk, Sheriff, County
Attorney, County Treasurer, County Surveyor, County
Hide Inspector, Assessor of Taxes, Collector of Taxes,
Justices of the Peace, Constables, and County Superin-
tendent of Public Instruction. Such vacancies shall
be filled by a majority vote of the members of said
Court, present and voting, and the person chosen shall
hold office until the next general election."

In State ex rel. Dowlen v. Rigsby, 43 S.W. 271 (Texas Civil Appeals 1897, error ref.), the Court construed Section 28 of Article V of the Constitution and Article 2351, to mean, in effect, that the exclusive power to create, alter or abolish Justice Precincts has been vested in the Commissioners Court by the Constitution. The only limitation upon this power is that there must be as many as four and not more than eight precincts.

The fact situation upon which your request is based is a proposed transfer of two voting precincts (Precincts 142 and 158) from Justice Precinct No. 2 in Bexar County to Justice Precinct No. 1. You state further that none of the officers involved live in the voting precincts to be transferred, and each would still live in the area where he was elected after the change.

In your brief you express the view that the provision of Article 2351 1/2 under consideration is invalid because of the holding of the Court of Civil Appeals in Brown v. Meeks, 96 S.W. 2d 839 ( Texas Civil Appeals 1936, error dism.). In that case, the Commissioners Court of Bexar County had entered an order, shortly before the deadline for filing in the primary elections to be held in 1936, rearranging the Justice Precincts of Bexar County and providing that the changes were to become effective on January 1, 1937. The order provided, however, that at the elections to be held in 1936 the officers for the Justice Precincts were to be voted on by the residents of the precincts as they would exist after January 1, 1937. In an election contest between candidates for nomination to the office of Constable for one of the precincts, the Court held that the attempted nomination by votes of the new precinct was invalid because the precinct had not then come into existence. As to whether the winning candidate could claim nomination to the office for the precinct as it existed at the time of the primary election, the court held that he could not do so because he had not run for that office and also because the office would no longer be in existence when the new term began. The court stated that the result of the Commissioners Court's order was that "when the new precincts come into existence, all precinct offices will be vacant and the Commissioners Court will be charged with the duty of filling the precinct offices by appointment."

This statement by the Court of Civil Appeals has led some to conclude that an "automatic vacancy" occurs at any time boundaries of Justice Precincts are altered, whether the Commissioners Court intended to abolish the precinct and to create a new precinct. We do not believe that the cases support

this conclusion, and we are convinced that a vacancy is not automatic under these circumstances, particularly where there is no expression on the part of the Commissioners Court's order of an intent on the part of the Commissioners Court to abolish an existing precinct and to create a new one.

It is interesting to note that in the Rigsby case, supra, the Commissioners Court expressly abolished Precinct No.5 in one order, and at the same time established by another order a new precinct 5, composed of the territory embraced in the abolished precinct 5 and a part of that previously belonging to precinct No.1.  At the same time the Commissioners Court appointed Rigsby to fill the vacancy in the office of the justice of the peace of precinct No.5, which office was vacant at the time such precinct was abolished.  The elected Justice of the Peace of precinct No.1 was attempting to oust the appointed Justice of the Peace, of precinct 5, which effort failed, but nowhere in the opinion is it even suggested that the mere territorial change of Precinct No.1 had the effect of abolishing Precinct No.1.

The office of Justice of the Peace is a constitutional office, and the office would presumptively remain in existence unless the order of the Commissioners Court abolishes existing precincts and creates new precincts.  To the extent that Attorney General's opinions V-790 (1949), V-1032 (1950), WW-536 (1950) and C-112 (1963) are in conflict with this opinion, they are to that extent overruled.

Even though under the facts submitted by your request no automatic  vacancy in the office would occur, those portions of Article 2351 1/2c which attempt to control the succession of offices where new precincts are created, existing precincts are abolished or where a vacancy is expressly created by the Commissioners Courts are unconstitutional.  The balance of Article 2351 1/2c is surplusage because the events set forth would occur regardless of the statute.

Any attempt on the part of the legislature to control the succession of office holders in Justice Precincts is necessarily void and a nullity.  We believe that the Commissioners Courts may, if they desire, effectuate a plan of succession of the type contemplated by Article 2351 1/2c, supra, but that their power to create vacancies or abolish offices cannot be taken away by the enactment of legislation.

## SUMMARY

Under the facts submitted, a proposed transfer of voting precincts 142 and 158 from Justice Precinct No.2 to Justice Precinct No.1 of Bexar County, which does not affect the residence of any of the present office holders, will not create a vacancy in any of the offices of the two precincts, but the provisions of Article 2351 1/2c, Vernon's Civil Statutes, for continuation in the office of the incumbents after a change in boundaries of Justice Precincts , is unconstitutional as an attempt on the part of the Legislature to control that which has been vested exclusively with the Commissioners Courts. To the extent of their conflict with this opinion, Attorneys General's Opinions V-790 (1949), V-1032(1950), WW-536 (1958) and C-112 (1963) are overruled.

Very truly yours

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Houghton Brownlee, Jr.
Assistant Attorney General

HBJ:km

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W.V. Geppert, Co-Chairman
W.O. Shultz
Kerns Taylor
Neil Williams
John Reeves

STAFF LEGAL ASSISTANT

A.J. Carubbi, Jr.