OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 25, 2002

The Honorable Juan J. Hinojosa
Chair, Committee on Criminal Jurisprudence
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0483

Re: Whether the term of a justice of the peace may be reduced from four to two years as a result of redistricting (RQ-0447-JC)

Dear Representative Hinojosa:

You request an Attorney General Opinion about article V, section 18(c) and (d) of the Texas Constitution, concerning changes in precinct boundaries for certain elected officials. You ask whether a justice of the peace elected to a four-year term can be forced to run for reelection the following year because of redistricting.[1] Article V, section 18(c) of the Texas Constitution provides that a justice of the peace whose precinct is abolished by the redrafting of precinct lines will serve out the term for which he or she was elected in the precinct in which he or she resides when the redistricting becomes effective. See TEX. CONST. art. V, § 18(c). Thus, a justice of the peace elected to a four-year term is entitled to finish out that term, even though the precinct in which he or she is elected is abolished by redistricting.

Your question arises from the redistricting of justice of the peace precincts in Dallas County and concerns its effect on the justice of a precinct abolished in the redistricting process.[2] Article V, section 18(a) authorizes the commissioners court of each county to divide the county into precincts, the number depending upon the population classification applicable to the county. Each county with a population of 50,000 "shall be divided into not less than four and not more than eight precincts." See TEX. CONST. art. V, § 18(a) (counties with a population of 18,000 or more but less than 50,000 shall be divided into not less than two and not more than eight precincts). Under this provision, the commissioners court may redraw precinct boundaries as needed for the convenience of the people. See State ex rel. Dowlen v. Rigsby, 17 Tex. Civ. App. 171, 43 S.W. 271 (Tex. Civ. App. 1897), writ ref'd per curiam, 91 Tex. 351, 43 S.W. 1101 (1897).

---

[1]Letter from Honorable Juan J. Hinojosa, Chair, House Committee on Criminal Jurisprudence, to Honorable John Cornyn, Texas Attorney General (Oct. 7, 2001) (on file with Opinion Committee).

[2]Letter from Judge Luis Sepulveda, Justice of the Peace, Dallas County, Precinct 6, Place 1, to Mr. John Dahill, Office of Dallas County District Attorney (July 19, 2001) (on file with Opinion Committee) (attached to Request Letter).

When a commissioners court redraws precinct lines, some of the county's commissioners, justices of the peace, and constables may no longer reside in the precincts to which they were elected. *See Harris County Comm'rs Court v. Moore*, 420 U.S. 77 (1975) (abstention doctrine invoked in suit by justices of the peace and constables displaced by boundary changes because of unsettled state law issues). The Texas Supreme Court determined in *Tarrant County v. Ashmore*, 635 S.W.2d 417, 422 (Tex. 1982), *cert denied*, 459 U.S. 1038 (1982), that justices of the peace and constables who were removed from office by the redrafting of precinct boundary lines had no claim for salaries for the unserved portion of their terms. However, article V, section 18 of the Texas Constitution was subsequently amended to provide that when the boundaries of the precincts are changed, each justice and constable in office or elected to a term of office:

> shall serve in the precinct in which the person resides for the term to which each was elected or appointed, even though the change in boundaries places the person's residence outside the precinct for which he was elected or appointed, abolishes the precinct for which he was elected or appointed, or temporarily results in extra Justices or Constables serving in a precinct. When, as a result of a change of precinct boundaries, a vacancy occurs in the office of Justice of the Peace or Constable, the Commissioners Court shall fill the vacancy by appointment until the next general election.

TEX. CONST. art. V, § 18(c); Act of May 19, 1983, 68th Leg., R.S., 1983 Tex. Gen. Laws 6721, 6722, *adopted* Nov. 8, 1983; *see* 1985 Tex. Gen. Laws app. at C-19 (Amendments to the Constitution, Votes on Proposed Amendments to the Texas Constitution, 1875-1985).

Subsection 18(c) thus preserves the term of office of justices of the peace and constables when a precinct boundary change places the officer's residence outside the precinct for which he or she was elected. *See* TEX. LEG. COUNCIL, ANALYSIS OF PROPOSED CONSTITUTIONAL AMENDMENTS APPEARING ON NOV. 8, 1983 BALLOT, INFO. REPORT NO. 83-4, at 8 (Aug. 1983); *see also* TEX. LOC. GOV'T CODE ANN. § 81.021(b) (Vernon 1999). When precinct boundaries are changed, article V, section 18(c) of the Texas Constitution requires that each incumbent will serve in the new precinct in which he or she resides on the effective date of the change. *See* Tex. Att'y Gen. LO-93-045. Thus, the justice of the peace of a precinct abolished by redistricting is entitled by article V, section 18(c) of the Texas Constitution to serve out his or her term in the precinct in which he or she resides. The justice's salary and expenses continue to be set by the commissioners court pursuant to chapter 152, subchapter B of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. §§ 152.011-.013 (Vernon 1999); Tex. Att'y Gen. LO-98-067, at 6; LO-94-034. In addition, section 291.004 of the Local Government Code provides that, "[i]f requested by a justice of the peace of a county who handles an average of more than 50 cases a month during the 12 months preceding the date of the request, the commissioners court of the county shall furnish the justice of the peace with

suitable office space and necessary telephones, equipment, and supplies." TEX. LOC. GOV'T CODE ANN. § 291.004(a) (Vernon 1999).

If the commissioners court establishes a new precinct in which no justice of the peace resides, it "shall fill the vacancy by appointment until the next general election." *See* TEX. CONST. art. V, §§ 18, 28; *Williams v. Castleman*, 247 S.W. 263 (Tex. 1922); Tex. Att'y Gen. Op. No. H-564 (1975). No vacancy exists in any precinct in which a justice of the peace resides and continues in office pursuant to article V, section 18(c) of the Texas Constitution. A justice of the peace elected to a four-year term is entitled to finish out his term, even though the precinct to which he or she is elected is abolished by redistricting. He or she is not required to resign from the office and to run for reelection instead of serving out his or her full four-year term.

## S U M M A R Y

   Pursuant to article V, section 18(c) of the Texas Constitution, a justice of the peace elected to a four-year term is entitled to serve out his or her term of office in the precinct in which he or she resides when the precinct to which he or she was elected is abolished by redistricting. The justice of the peace is not required to resign from the office and to run for reelection instead of serving out the full four-year term.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee