OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

February 12, 2002

The Honorable Tom Ramsay
Chair, County Affairs Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No: JC-0462

Re: Effect on a constable's duties when his precinct is abolished by redistricting  (RQ-0432-JC)

Dear Representative Ramsay:

You inquire about the duties of a constable whose precinct was abolished as a result of redistricting and who has been has been reassigned to another precinct in which an elected constable serves. Article V, section 18(c) of the Texas Constitution provides that a constable serves out his term in the precinct in which he resides, even though the precinct to which he was elected was abolished by a change of boundaries or his continued service temporarily results in extra constables serving in a precinct. The constable's legal duties and powers are not changed by the change of boundaries, and the commissioners court continues to set his salary and expenses and to approve the appointment of his deputies as it did before the precinct boundaries were redrawn.

You inform us that the Bexar County Commissioners Court recently accomplished a redistricting of the justice of the peace and constable precincts.[1] The constable of precinct five was elected to a four-year term in the year 2000 and his term began in 2001. Longoria Letter, *supra* note 1, at 1. In August of 2001, the commissioners court redrew the precinct boundary lines, effectively abolishing constable precinct five, and placed the constable of precinct five in precinct one. *Id.* The court then designated the constable of precinct one as the constable of the newly drawn precinct one in Bexar County. *Id.* Your questions relate to the duties of the constable elected to the abolished precinct five.

Article V, section 18(a) authorizes the commissioners court of each county to divide the county into precincts, the number of precincts depending upon the population classification applicable to the county. *Id.* § 18(a) (*i.e.*, counties with a population of 50,000 or more shall be

---

[1] Letter from Honorable Tom Ramsay, Chair, County Affairs Committee, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Sept. 12, 2001) (on file with Opinion Committee) [hereinafter Request Letter]; Letter from Honorable John A. Longoria, Texas House of Representatives, to Honorable Tom Ramsay, Chair, County Affairs Committee, Texas House of Representatives (Sept. 5, 2001) (on file with Opinion Committee) [hereinafter Longoria Letter].

divided into not less than four and not more than eight precincts, counties with a population of 18,000 or more but less than 50,000 shall be divided into not less than two and not more than eight precincts). Under this provision, the commissioners court may redraw precinct boundaries as needed for the convenience of the people. *State ex rel. Dowlen v. Rigsby*, 17 Tex. Civ. App. 171, 43 S.W. 271 (Tex. Civ. App. 1897), *writ ref'd*, 91 Tex. 351, 43 S.W. 1101 (Tex. 1897) *per curiam*. With certain exceptions, one justice of the peace and one constable are elected in each precinct to a four-year term of office. *See* TEX. CONST. art. V, § 18(a) (circumstances where two or more justices of the peace may be elected in a precinct).

When the commissioners court redraws precinct lines, some of the county's commissioners, justices of the peace and constables may no longer reside in the precincts to which they were elected. *See Harris County Comm'rs Court v. Moore*, 420 U.S. 77 (1975) (abstention doctrine invoked in suit by justices of the peace and constables displaced by boundary changes because of unsettled state law issues). The Texas Supreme Court determined in *Tarrant County v. Ashmore*, 635 S.W.2d 417, 421 (Tex. 1982), *cert denied*, 459 U.S. 1038 (1982), that justices of the peace and constables who were removed from office by the redrafting of precinct boundary lines had no claim for salaries for the unserved portion of their terms. However, article V, section 18 of the Texas Constitution as amended now provides that a justice of the peace or constable whose precinct is abolished by the redrafting of precinct lines will serve out the term for which he or she was elected. *See* TEX. CONST. art. V, § 18(c).

Pursuant to a 1983 amendment, article V, section 18 of the Texas Constitution provides that when the boundaries of the precincts are changed, each justice and constable in office or elected to a term of office shall

> serve in the precinct in which the person resides for the term to which each was elected or appointed, even though the change in boundaries places the person's residence outside the precinct for which he was elected or appointed, abolishes the precinct for which he was elected or appointed, or temporarily results in extra Justices or Constables serving in a precinct. When, as a result of a change of precinct boundaries, a vacancy occurs in the office of Justice of the Peace or Constable, the Commissioners Court shall fill the vacancy by appointment until the next general election.

TEX. CONST. art. V, § 18(c); Act of May 19, 1983, 68th Leg., R.S., 1983 Tex. Gen. Laws 6721, 6722 (adopted Nov. 8, 1983); 1985 Tex. Gen. & Spec. Laws, Votes on Proposed Amends. to Texas Constitution 1875-1985, App., at C-19. Other sections of this amendment authorize certain counties to have fewer justices of the peace and constable precincts than formerly. *See* FISCAL NOTE, H.J.R. No. 91, 68th Leg., R.S. (1983). Subsection 18(c) provides for a transition in office for justices of the peace, constables, and county commissioners each time their precinct boundaries are changed.

*See* TEX. LEG. COUNCIL INFO. REP. NO. 83-4, ANALYSIS OF PROPOSED CONSTITUTIONAL AMENDMENTS APPEARING ON NOV. 8, 1983 BALLOT, at 8 (Aug. 1983); *see also* TEX. LOC. GOV'T CODE ANN. § 81.021(b) (Vernon 1999) (preserving the term of office of commissioner, justice of the peace, or constable when a precinct boundary change places the officer's residence outside the precinct for which he or she was elected); Tex. Att'y Gen. LO-93-45 (when precinct boundaries are changed, article V, section 18(c) of the Texas Constitution requires that each incumbent will serve in the new precinct in which he or she resides on the effective date of the change).

The constable of former precinct five and the elected constable of precinct one are now both serving in precinct one. Your questions relate to the rights and duties of the constable of former precinct five in his new precinct.

You first ask what the constable's duties are as constable of precinct one. No provision of law changes a constable's duties in a precinct where two constables are temporarily serving because of a boundary change. A constable is a peace officer within article 2.12 of the Code of Criminal Procedure and therefore has the various powers and duties assigned by statute to peace officers. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12(2) (Vernon Supp. 2002); *see also id.* arts. 2.13 (duties of peace officers); 6.05-.07 (Vernon 1997 & Supp. 2002) (prevention of threatened injuries and deaths). Chapter 86 of the Local Government Code sets out the duties specifically required of constables. Section 86.021 of the Local Government Code requires a constable to execute and return "each process, warrant, and precept that is directed to the constable and is delivered by a lawful officer." *See* TEX. LOC. GOV'T CODE ANN. § 86.021(a) (Vernon Supp. 2002); *see also id.* (b)-(d) (additional responsibilities in service of process). Each constable in precinct one is authorized to serve the papers directed to him by a district or county court, *see* TEX. R. CIV. PROC. 15 (Vernon 1979), or by the commissioners court, *see* TEX. LOC. GOV'T CODE ANN. § 81.022(a) (Vernon 1999). Section 86.021 also provides that the constable "shall attend each justice court held in the precinct." *Id.* § 86.021(e). In the usual case, there is one constable in each justice precinct, and one constable will attend each justice court in the precinct. *See* TEX. CONST. art. V, § 18(a) (one justice of the peace and one constable elected in each precinct, except that in precincts and counties with certain population characteristics, two or more justices may be elected). We believe it will be consistent with section 86.021 of the Local Government Code if one of the two constables in precinct one attends each justice court in precinct one. *See generally* Tex. Att'y Gen. LO-98-101 (constable must attend each session of justice court, whatever may be the purpose for which the court is sitting).

You ask what rights and responsibilities the constable has in directing the activities of deputies in the "new" precinct. Article V, section 18 of the Texas Constitution does not provide that the deputy constables in the former precinct five will serve in precinct one with the elected constable. Accordingly, if the constable of former precinct five wishes to have a deputy or deputies subordinate to him, he must apply to the commissioners court pursuant to section 86.011(a) of the Local Government Code, showing that it is necessary to appoint a deputy to handle the business of the precinct and stating the name of the proposed deputy in the application. *See* TEX. LOC. GOV'T CODE ANN. § 86.011(a) (Vernon 1999). The commissioners court "shall approve and confirm the

appointment of the deputy only if the commissioners court determines that the constable needs a deputy to handle the business originating in the precinct." *Id.* If the commissioners court authorizes a deputy for the constable, the constable will have the usual rights and responsibilities in directing the activities of that deputy. *See id.* § 86.011(b), (c); *see also* 35 DAVID B. BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 20.10 (Texas Practice 1989 & Supp. 2001). He will not have a right to direct the activities of deputies assigned to the other constable of precinct one.

You ask what salary the constable is to receive. A constable's salary and expenses are set by the commissioners court pursuant to chapter152, Subchapter B of the Local Government Code at the appropriate time in the county budget cycle. *See* TEX. LOC. GOV'T CODE ANN. § 152.011-.013 (Vernon 1999). This mode of salary-setting applies whether the individual is constable of precinct five or of precinct one. *See generally Ector County v. Stringer*, 843 S.W.2d 477, 479 (Tex. 1992); *Vondy v. Comm'rs Court of Uvalde County*, 714 S.W.2d 417 (Tex. App.–San Antonio 1986, writ ref'd n.r.e.); Tex. Att'y Gen. Op. No. JC-0389 (2001) (salaries of constables must reflect their duties under statute).

The constable's legal duties and powers are not changed when precinct five is abolished and he becomes a constable of precinct one. Each constable in precinct one receives the salary and expenses allocated by the commissioners court. *See generally* Tex. Att'y Gen. Op. No. JC-0389 (2001) (authority of commissioners court to determine salaries for constables). Each constable supervises the deputies whose appointment has been approved by the commissioners court. There will be issues of a practical nature about allocating the work in the precinct between the two constables with identical powers and duties, but these are not resolved by statute.

## S U M M A R Y

Pursuant to article V, section 18(c) of the Texas Constitution, a constable will serve out his term of office in the precinct in which he resides when the precinct to which he was elected was abolished by a change of boundaries, even though his continued service temporarily results in extra constables serving in a precinct. The legal duties and powers of a constable are not changed by the abolition of the precinct to which he was elected through the redrawing of precinct boundaries. The commissioners court continues to set the constable's salary and expenses and to approve the appointment of his deputies as it did before the precinct boundaries were redrawn.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee