# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00500-CV

**In re David-Richard:  Lutz**

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relator David-Richard Lutz filed a petition for writ of *quo warranto* in this Court. *See* Tex. R. App. P. 52.  In his petition, Lutz complains that the Respondents—the Honorable Billy Ray Stubblefield, presiding judge of the 26th Judicial District Court of Williamson County, Texas, the Honorable John Bradley, Criminal District Attorney in and for Williamson County, Texas, and Lisa David, District Clerk of Williamson County, Texas—have failed to fulfill their official duties and have breached their oaths of office by denying him a jury trial in a civil equity action that he filed in an attempt to nullify the judgments of his criminal convictions for aggravated sexual assault of a child and indecency with a child.

*Quo warranto* is an ancient common-law writ that gave the king an action against a person who claimed or usurped any office, franchise, or liberty, to inquire by what authority that person supported the claim to hold office.  *Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist. ex rel. Bd. of Directors*, 198 S.W.3d 300, 310 (Tex. App.—Texarkana 2006, pet. denied); *Newsom v. State*, 922 S.W.2d 274, 277 (Tex. App.—Austin 1996, writ denied);  *State ex rel. City of Colleyville v. City of Hurst*, 519 S.W.2d 698, 700 (Tex. Civ. App.—Fort Worth 1975, writ ref'd

n.r.e.). In the modern context, a writ of *quo warranto* is an extraordinary remedy used to determine disputed questions concerning the proper person entitled to hold a public office and exercise its functions.[1] *State ex rel. Angelini v. Hardberger*, 932 S.W.2d 489, 490 (Tex. 1996) (citing *State ex rel. Jennett v. Owens*, 63 Tex. 261, 270 (Tex. 1885)); *Save Our Springs*, 198 S.W.3d at 310; *see* Tex. Civ. Prac. & Rem. Code Ann. § 66.001 (West 2008). Thus, the purpose now of a *quo warranto* action is to test whether an individual has the proper authority to hold an office, not to test the validity of their actions once in office. *See Newsom*, 922 S.W.2d at 278-79; *see also State ex rel. Dowlen v. Rigsby*, 17 Tex. Civ. App. 171, 172, 43 S.W. 271, 272 (Galveston 1897), *writ ref'd*, 91 Tex. 351, 43 S.W. 1101 (Tex. 1897); *State ex rel. Phillips v. Trent Indep. Sch. Dist.*, 141 S.W.2d 438, 440 (Tex. Civ. App.—Eastland 1940, writ ref'd). Lutz's petition does not raise an issue for which a writ of *quo warranto* is available, and therefore is an improper vehicle for obtaining the relief sought.

Moreover, the writ power of this Court is limited to issuing writs of mandamus and all other writs necessary to enforce our jurisdiction, which does not include a writ of *quo warranto*. *See* Tex. Gov't Code Ann. § 22.221(a) (West 2004). The Texas Supreme Court, not the courts of appeals, is vested with the power to issue writs of *quo warranto*. Tex. Gov't Code Ann. § 22.002(a) (West 2008); *see* Tex. Const. art. V, § 3. We do not have original jurisdiction over proceedings seeking a writ of *quo warranto*.

Accordingly, we dismiss Lutz's petition for writ of *quo warranto* for lack of jurisdiction. *See* Tex. R. App. P. 52.8(a).

---

[1] A *quo warranto* action may also be used to question the existence of a public corporation or district and its right to act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 66.001 (West 2008).

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Dismissed for Want of Jurisdiction

Filed:   November 2, 2011

Do Not Publish

3