TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00500-CV






In re David-Richard: Lutz






ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY





M E M O R A N D U M O P I N I O N


 Relator David-Richard Lutz filed a petition for writ of quo warranto in this Court. 
See Tex. R. App. P. 52. In his petition, Lutz complains that the Respondents--the Honorable
Billy Ray Stubblefield, presiding judge of the 26th Judicial District Court of Williamson County,
Texas, the Honorable John Bradley, Criminal District Attorney in and for Williamson County,
Texas, and Lisa David, District Clerk of Williamson County, Texas--have failed to fulfill their
official duties and have breached their oaths of office by denying him a jury trial in a civil equity
action that he filed in an attempt to nullify the judgments of his criminal convictions for aggravated
sexual assault of a child and indecency with a child.

 Quo warranto is an ancient common-law writ that gave the king an action against a
person who claimed or usurped any office, franchise, or liberty, to inquire by what authority that
person supported the claim to hold office. Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util.
Dist. ex rel. Bd. of Directors, 198 S.W.3d 300, 310 (Tex. App.--Texarkana 2006, pet. denied); 
Newsom v. State, 922 S.W.2d 274, 277 (Tex. App.--Austin 1996, writ denied); State ex rel. City
of Colleyville v. City of Hurst, 519 S.W.2d 698, 700 (Tex. Civ. App.--Fort Worth 1975, writ ref'd
n.r.e.). In the modern context, a writ of quo warranto is an extraordinary remedy used to determine
disputed questions concerning the proper person entitled to hold a public office and exercise its
functions. (1) State ex rel. Angelini v. Hardberger, 932 S.W.2d 489, 490 (Tex. 1996) (citing State
ex rel. Jennett v. Owens, 63 Tex. 261, 270 (Tex. 1885)); Save Our Springs, 198 S.W.3d at 310; see
Tex. Civ. Prac. & Rem. Code Ann. § 66.001 (West 2008). Thus, the purpose now of a quo warranto
action is to test whether an individual has the proper authority to hold an office, not to
test the validity of their actions once in office. See Newsom, 922 S.W.2d at 278-79; see also
State ex rel. Dowlen v. Rigsby, 17 Tex. Civ. App. 171, 172, 43 S.W. 271, 272 (Galveston 1897),
writ ref'd, 91 Tex. 351, 43 S.W. 1101 (Tex. 1897); State ex rel. Phillips v. Trent Indep. Sch. Dist.,
141 S.W.2d 438, 440 (Tex. Civ. App.--Eastland 1940, writ ref'd). Lutz's petition does not raise an
issue for which a writ of quo warranto is available, and therefore is an improper vehicle for
obtaining the relief sought.

 Moreover, the writ power of this Court is limited to issuing writs of mandamus and
all other writs necessary to enforce our jurisdiction, which does not include a writ of quo warranto. 
See Tex. Gov't Code Ann. § 22.221(a) (West 2004). The Texas Supreme Court, not the courts of
appeals, is vested with the power to issue writs of quo warranto. Tex. Gov't Code Ann. § 22.002(a)
(West 2008); see Tex. Const. art. V, § 3. We do not have original jurisdiction over proceedings
seeking a writ of quo warranto.

 Accordingly, we dismiss Lutz's petition for writ of quo warranto for lack of
jurisdiction. See Tex. R. App. P. 52.8(a).



 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Dismissed for Want of Jurisdiction

Filed: November 2, 2011

Do Not Publish

1. A quo warranto action may also be used to question the existence of a public corporation
or district and its right to act. See Tex. Civ. Prac. & Rem. Code Ann. § 66.001 (West 2008).