THE STATE OF TEXAS, EX REL. P. A. DOWLIN v. W. L. RIGSBY.

Application No. 1638.—Decided December 23, 1897.

Commissioners Court—Justice of the Peace—Altering Precincts—Quo Warranto.

Where the Commissioners Court, during the term of office of a justice of the peace, altered the precincts so as to transfer a part of his territory to the precinct of another justice, whose right to exercise jurisdiction the former attempted to try by quo warranto, the court, though questioning the application of that remedy to such a case and its own jurisdiction over an application for writ of error, finding the judgment—which sustained the action of the Commissioners Court—correct, refused a writ of error without passing on the jurisdictional questions. (P. 352.)

APPLICATION for writ of error to the Court of Civil Appeals for the First District, in an appeal from Jefferson County.

Prior to the election of 1896 the county of Jefferson had been divided into precincts, two of which were No. 1 and No. 5. At that election the relator was elected and subsequently qualified as Justice of the Peace of Precinct No. 1. Another person was elected to the same office in No. 5, and qualified, but was afterwards required to give another bond, having failed to do which, his office was vacated. While matters stood thus, the Commissioners Court, at a special session held on the 13th day of April, 1897, entered an order abolishing Precinct No. 5 as then defined, and at the same time entered another order, establishing a new Precinct No. 5, composed of the territory embraced in the old precinct and a part of that previously belonging to Precinct No. 1. The territory taken from Precinct No. 1 had yielded more than $500 per annum, and at least half of the perquisites of the office of justice of the peace of such precinct. At the same time the Commissioners Court appointed re-

spondent to fill the vacancy in the office of Justice of the Peace of Precinct No. 5. Upon these facts the court below rendered judgment for the respondent, and the State appealed.

The judgment being affirmed, appellant applied for a writ of error.

The Court of Civil Appeals expressed the opinion that, "If the respondent was legally the Justice of the Peace of Precinct No. 5, it would seem that the extent of his powers as such, or of the territory over which his jurisdiction extended, cannot be tried by quo warranto. Since the remedy by quo warranto or information in the nature thereof is employed only to test the actual right to an office or franchise, it follows that it can afford no relief for official misconduct, and cannot be used to test the legality of the official action of public or corporate officers." But, since no objection was urged to the proceeding, the court affirmed the judgment, on the ground that the action of the Commissioners Court was authorized by sec. 18, art. 5 of the Constitution, and was valid. 43 S. W. Rep., 271.

*W. L. Brooks*, District Attorney, and *Votaw, Chester & Dies*, for applicant.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals were inclined to doubt whether this proceeding was authorized by law, and we are disposed to agree with them. Growing out of that question is another as to the jurisdiction of this court. But having examined the case upon its merits, we are clearly of opinion that it was correctly decided in the Court of Civil Appeals. In any event the application must be refused. The result being necessarily the same, we refuse the application without passing upon either of the jurisdictional questions.

*Application refused.*