STATE OF TEXAS EX REL. C. J. MAXWELL v. C. M. CRUMBAUGH.

Decided June 12, 1901.

**1.—Office—County School Superintendent—Abolition—Unexpired Term.**

Where a county commissioners court has, as authorized by the statute, abolished the office of county superintendent of public instruction, an incumbent of the office then serving by appointment of such court to fill a vacancy has not the right to serve out the unexpired term, since the reservation of such right in the statute is restricted to cases where the county superintendent serving at the time of the abolition was elected to the office. Rev. Stats., art. 3930.

**2.—Same—Office Is Not Property.**

Within the meaning of the constitutional provision against depriving persons of property without due process of law, a public office is not property.

Appeal from Kaufman. Tried below before Hon. J. E. Dillard.

*Morrow & Boggess, H. P. Teague,* and *M. H. Gossett,* for appellant.

*J. J. Hill, Lee R. Stroud, James Young, Huffmaster & Huffmaster, O. B. Colquitt,* and *A. H. Dashiell,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This proceeding is in the nature of a quo warranto brought by the State of Texas ex rel. C. J. Maxwell, against the respondent, C. M. Crumbaugh, to oust him from the office of superintendent of public instruction of Kaufman County, the functions of which it is claimed he has usurped and is performing by virtue of his office of county judge of said county, and to induct the respondent into said office of county superintendent, to which he claims he was duly

appointed by the County Commissioners Court, and is entitled by virtue of such appointment to exercise its functions and discharge its duties.

The respondent answered, denying that the Commissioners Court of Kaufman County had ever provided for the election of county superintendent of public instruction for said county, as is required by statute; that if such provision was ever made by an order of said Commissioners Court, the order was revoked at the same term of the court at which it was made; that if the respondent was ever appointed to said office and qualified under the appointment, the office was abolished by the revocation of the order which purports to create the office, and his pretended appointment annulled at the same term of court at which it was made. And that the respondent by virtue of his office of county judge was, as a duty imposed upon him by statute, performing the functions and discharging the duties of county superintendent of public instruction, as he had a right to do.

The case was tried before the court without a jury, and it adjudged "that the State of Texas, by the relator, C. J. Maxwell, take nothing by this suit, and that the respondent, C. M. Crumbaugh, go hence without day, and that he recover of the relator his costs in this behalf incurred." To this judgment the relator excepted, and gave notice of appeal.

The trial judge made and filed the following conclusions of fact, which we adopt: "The court finds: (1) That Monday, November 12, 1900, the first thing done by the court was, a motion was put to create the office of county superintendent of public instruction, which motion was carried, two commissioners voting for and two against the motion, and the presiding judge casting the deciding vote, and that the said matter was discussed by the said court, and that they intended to create said office; that nothing further was done at that time in respect to said office; that some time that day the said court engaged an attorney to draw up a proper order; that upon Tuesday morning the said attorney brought into court a draft of said order, designated in this record as exhibit 'A,' and read the same over in open court; that the said drafted order was then and there presented to the court and concurred in by the court.

"(2) That the order of the Commissioners Court of Kaufman County, as shown by exhibit 'A,' made a part of relator's petition, bearing date November 13, 1900, and purporting to create the office of county superintent of public instruction of Kaufman County, was entered on the said 13th day of November, 1900, and concurred in by the court, and is an authentic record of the proceedings of said court.

"(3) That the order of said court, as shown by exhibit 'B,' made a part of relator's petition, bearing date November 12, 1900, purporting to appoint relator county superintendent of public instruction in and for Kaufman County, was made on said 12th day of November, 1900, between 11 and 12 o'clock p. m., and is an authentic record of the proceedings of said court.

"(4) That the order of said court, of date November 12, 1900, as shown by exhibit 'C,' purporting to approve relator's bond as such county superintendent, was made immediately after the preceding order, and is an authentic record of the proceedings of said court.

"(5) That about the said time the then county judge of said county put relator in possession of the books, papers, and documents belonging to said office of county superintendent, since which time relator has claimed to be county superintendent of public instruction of said county, and performed some of the acts incident to said office.

"(6) That on November 12, 1900, before any of the aforesaid orders were made, after said court had estimated the result of the November election and recorded the state of the polls in a book kept for that purpose, which showed respondent to be elected, which fact was patent to said court and admitted by it, then respondent demanded of said court a certificate of his election as county judge of Kaufman County, and then and there in said court presented his bond as county judge aforesaid, and as ex officio county superintendent as aforesaid, which said bonds were in due and legal form, with good and sufficient sureties known and admitted to be so by said court, with his oath of office indorsed thereon, duly sworn to and attested, and then and there demanded that he be qualified as such judge; that said court declined to permit him to qualify at that time and set November 17, the last day of the term, to approve his bond.

"(7) That November 17, 1900, about 11 o'clock a. m., respondent duly and formally qualified as county judge and ex officio county superintendent of public instruction of Kaufman County, and at once entered upon the discharge of his duties.

"(8) That after respondent had qualified as aforesaid, and after he had actually entered upon the discharge of his duties as the presiding judge of said Commissioners Court, the late county judge J. D. Cunningham, after he had ceased to be county judge, had entered upon the minutes of said court the said pretended order attempting to adjourn said court for the term, and subscribed the same as county judge presiding, as shown by exhibit 'H,' made a part of relator's petition.

"(9) That afterwards, on the 17th day of November, 1900, as soon as said pretended order, referred to in the preceding paragraph, was discovered by the Commissioners Court, they had it expunged from the minutes of said court, as shown by exhibit 'H.'

"(10) That at the said term, on the 17th day of November, 1900, the said Commissioners Court, by its order made and entered upon the minutes of said court, as shown by exhibit 'E,' made a part of relator's petition, ordered and decreed that the said order of said court, shown as exhibit 'A,' as aforesaid, be annulled, canceled, and set aside and held for naught.

"(11) That said Commissioners Court from the time respondent qualified and became the presiding judge thereof, to wit, about 11 o'clock a. m., November 17, 1900, continued to transact the business

of said court, until a late hour Saturday night, November 17, 1900, when it adjourned for the term.

"(12)    That on February 11, 1901, the Commissioners Court of Kaufman County, at a regular term thereof, made and had entered upon the minutes of that court an order abolishing the office of county superintendent of public instruction in and for Kaufman County, as follows, to wit:   February 11, 1901.—This day came on to be heard a motion made and seconded to abolish the office of county superintendent of public instruction of Kaufman County, which being duly considered, the court is of the opinion that an order was heretofore passed at the November term, 1900, intending to annul and set aside the order creating said office, then considering the same to be void, and then intending to abolish the same, if it existed, but that a question has been raised whether said order at the November term was sufficient in legal effect to abolish such office, and this court finds that such office (if it now has any existence) ought to be abolished; it is therefore ordered, adjudged, and decreed that this motion be sustained, and that said office of county superintendent of public instruction for Kaufman County be and the same is here now abolished."

Note.—Exhibits "A", "B", and "C", referred to in the above findings, are taken from the minutes of the Commissioners Court of Kaufman County, are duly certified to by the clerk of that court, and are as follows:

"Exhibit 'A.'—In Commissioners Court, November term, 1900.   November 13, 1900.

"The State of Texas, County of Kaufman.—In Commissioners Court of Kaufman County, Texas, at the November Term, A. D. 1900.

"The Commissioners Court of Kaufman County, Texas, being in regular session on the 12th day of November, 1900, and all the members of said court being present, together with the county judge of Kaufman County, Texas, and the question before said court being the advisability and necessity of a county superintendent of public instruction in and for Kaufman County in the State of Texas, and said court hereby creates the office of county superintendent of public instruction in and for said county of Kaufman in the State of Texas, and after duly deliberating on said question is of the opinion that public necessity demands that an election be ordered to be held at the next general election, by all the qualified voters of Kaufman County, Texas, at all the polling places in Kaufman County, State of Texas, at the next general election to be held in this State and county.   At which time some person qualified under the Constitution and laws of this State shall be elected to fill said office of county superintendent of public instruction for Kaufman County, Texas, as the law directs, under statutes of this State."

"Exhibit 'B'.—In County Commissioners Court, November Term, 1900.—On this the 12th day of November, 1900, came on to be heard and considered the application of C. J. Maxwell to be appointed county superintendent of public instruction for Kaufman County, Texas, and

this court having heretofore created said office for said county, and having ordered an election for said office to be held at the next general election to be held in this county and State, and at each succeeding general election thereafter, and said office appearing now to be vacant, the said office having heretofore been created by law, and the said C. J. Maxwell being qualified under the Constitution and laws of this State to fill the same, he is hereby duly appointed to fill the office of county superintendent of public instruction for Kaufman County for the ensuing term of two years, and until his successor is duly elected and qualified."

"Exhibit 'C'.—In Commissioners Court, November term, A. D. 1900. On this the 12th day of November, 1900, came into court C. J. Maxwell, and presents his bond in the sum of five thousand dollars as county superintendent of public instruction in and for Kaufman County, State of Texas, with John C. Graves. M. H. Gossett, H. Goolsby, A. Miles, and G. B. Taylor as his sureties, which bond being examined by the court is this day approved and ordered to be recorded."

Upon these facts the trial judge filed the following conclusions of law:

"1. The said proceedings in the Commissioners Court of Kaufman County, November 13, 1900, shown by exhibit 'A', are insufficient in law to bring into operation the statute in respect to the office of county superintendent of public instruction in and for Kaufman County. Said court should have ordered an election for county superintendent of public instruction in and for Kalfman County, at each general election thereafter.

"2. The defect in said proceeding is not cured by the recitals in the order appointing relator county superintendent.

"3. The said order appointing relator county superintendent, and the said order approving his bond as such county superintendent, are null and void, because the order, exhibit 'A', is insufficient to create the office in and for Kaufman County.

"4. The Commissioners Court had the right and power to set aside and annul, by an order entered upon the minutes of their court, the said proceedings shown as exhibit 'A', attempting to create said office of county superintendent in Kaufman County.

"5. The legal effect of said order of the Commissioners Court of February 11, 1901, was to abolish the said office of county superintendent in Kaufman County, if it existed, in which event relator would not have the right to serve out the term for which he was appointed.

"6. The respondent Crumbaugh, as county judge of Kaufman County, there being no county superintendent of public instruction in Kaufman County, may act as ex officio county superintendent of public instruction of Kaufman County."

As we concur with the district judge in his fourth, fifth, and sixth conclusions of law, as above set forth, it is unnecessary for us to express any opinion upon any of his conclusions preceding them.

Article 3930, Revised Statutes, expressly empowers the county com-

missioners court, when in their judgment it may be deemed advisable, to abolish the office of county superintendent of public instruction in their county by an order entered on the minutes of the court at a regular term thereof; and provides that "whenever such office is abolished, the county superintendent shall serve out the time for which he was elected." No provision, however, is made, or authority given, for a county superintendent who fills the office, by appointment, for serving out his term.

A public office is not property, within the meaning of the constitutional provision that "no person shall be deprived of life, liberty, or property without due process of law." It is a mere public agency, revocable according to the will and appointment of the people, as exercised in the Constitution and the laws enacted in conformity therewith. Moore v. Strickling, 33 S. E. Rep., 274; 50 Law. Rep. Ann., 279. In the case cited, the court in its opinion makes, with approval, from Donahue v. Will County, 100 Illinois, 94, the following quotation: "It is impossible to conceive how, under our form of government, a person can own or have a title to a governmental office. Offices are created for the administration of public affairs. When a person is inducted into an office, he thereby becomes empowered to exercise its powers and perform its duties, not for his but for the public benefit. It would be a misnomer and a perversion of terms to say that an incumbent owned an office or had any title to it." And then cites the following authorities: State v. McGarry, 21 Wis., 496; State v. Prince, 45 Wis., 610; Keenan v. Perry, 24 Texas, 253; State v. Doherty, 25 La. Ann., 119, 13 Am. Rep., 131; Taft v. Adams, 3 Gray, 126; Ex parte Wiley, 54 Ala., 226; Thompson v. Holt, 52 Ala., 491; State v. Frazier, 48 Ga., 137; Dougan v. District Court (Colo.), 22 Am. L. Reg., N. S., 528; Patton v. Vaughan, 39 Ark., 211; People v. Stratton, 28 Cal., 382; Woods v. Varnum, 85 Cal., 639; 24 Pac. Rep., 843; Smith v. Mayor, etc., 37 N. Y., 518; Conner v. Mayor, etc., 5 N. Y., 285; State v. Davis, 44 Mo., 129; Prince v. Skillin, 71 Me., 361, 36 Am. Rep., 325; People v. Murray, 70 N. Y., 521; Rankin v. Jauman (Idaho), 36 Pac. Rep., 502; 6 Am. and Eng. Enc. of Law., 2 ed., p. 981.

If the relator ever had any right to hold the office of county superintendent of public instruction of Kaufman County, his right ceased when it was abolished, and he has no interest in the question as to whether or not the respondent, by virtue of his office of county judge, can perform the functions and discharge the duties of superintendent of public instruction.

The judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.