**Tina VILLANUEVA et vir, Appellants,**

v.

**T. L. HARVILLE et al., Appellees.**

**No. 14617.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 4, 1967.

Hector Gonzalez, Beeville, for appellants.

Lloyd, Lloyd, Dean & Ellzey, Alice, for appellees.

BARROW, Chief Justice.

This is an appeal from a final judgment denying Tina Villanueva a writ of mandamus to compel the members of the Commissioners Court of Jim Wells County to set aside their order of July 12, 1966, abolishing the offices of Justice of the Peace Precinct 1, Places 1 and 2, and creating

the office of Justice of Peace, Precinct 1. In the same order the former Justice of Peace, Place 2, was appointed to the newly created office.

The purpose of the suit was to reinstate appellant, Tina Villanueva, to the office of Justice of the Peace, Precinct 1, Place 1, the post to which she had been re-elected in 1964 for a term to expire December 31, 1968, and to recover compensation due her. A take-nothing judgment was entered after a non-jury trial.

Appellant asserts two points by this appeal: 1. The judgment is against the overwhelming weight of the evidence which established that she was deprived of her office without due process of law. 2. The trial court erred in refusing to admit evidence that the purpose of the order was to satisfy a personal, political vendetta of the members of the Commissioners Court.

■ Appellant, under her first point, urges that the overwhelming preponderance of the evidence establishes that she was denied the essential elements of due process, to-wit, notice and the opportunity to be heard and defend her property rights in the office in an orderly proceeding. We are unable to review the entire record as required in passing upon this point because of appellant's failure to comply with Rule 377, Texas Rules of Civil Procedure. The statement of facts filed herein does not contain any of the exhibits introduced in evidence although they are of obvious materiality. Among these exhibits is the order under attack, as well as other minutes and records of the Commissioners Court dealing with the need for two Justices in Precinct 1. Since appellees did not consent to a partial statement of facts, we are required to treat this as an appeal without a statement of facts. Gordon v. Aetna Casualty & Surety Co., 351 S.W.2d 602 (Tex.Civ.App.—Eastland, 1961, writ ref'd).

■ It is seen from the evidence before us that appellant's first point is without merit. Appellant was personally present at the meeting and testified fully regarding the resolution before it was adopted. The matter was under consideration by the Commissioners Court for many months and the proposed action was reported in the newspapers. At the hearing of July 12, 1966, appellant presented the Commissioners Court with a petition signed by 925 persons opposing said proposed resolution, which clearly demonstrates that she had notice for some time of the proposed action. Appellant's first point is overruled.

■ At the beginning of the trial, the court sustained appellees' motion in limine and instructed the parties not to offer any evidence other than that bearing upon the question of whether the action of appellees in passing this order served the "convenience of the people." Appellant offered evidence, by bill of exception, to show that she had worked against appellee Harville in a bitterly contested primary election in his race for re-election as County Judge in May, 1966, and that Harville and one of the Commissioners had made threats against her during that campaign. She also showed that in November, 1965, appellee Harville publicly demonstrated his hostility toward her.

The trial court did not err in excluding this testimony. There was no allegation of fraud and since the official act of appellees was lawful, any improper motive or bad faith in thus acting is wholly immaterial. Guerra v. Weatherly, 291 S.W. 2d 493 (Tex.Civ.App.—Waco 1956, no writ); Travis County v. Matthews, 235 S.W.2d 691 (Tex.Civ.App.—Austin 1950, writ ref'd). In any event, in the absence of a complete statement of facts, we could not determine that such action amounted to reversible error. Rule 434, T.R.C.P.; Gordon v. Aetna Casualty & Surety Co., supra.

The judgment of the trial court is affirmed.