**Alejandro PEREZ, Appellant,**

v.

**Matthew McHAZLETT, Appellee.**

No. 16286.

Court of Civil Appeals of Texas, San Antonio.

July 18, 1979.

Rehearing Denied Overruled Sept. 25, 1979.

Alonzo Villarreal, Jr., Uvalde, Richard C. Arroyo, Brownsville, for appellant.

Luis M. Segura, San Antonio, Lupe Cortinas, Crystal City, for appellee.

OPINION

MURRAY, Justice.

This is an appeal from the district court of Zavala County, Texas, granting a temporary injunction. Matthew McHazlett, appellee, sued Alejandro Perez, appellant, seeking to enjoin appellant from assuming the office of County Commissioner of Precinct Four, Zavala County. Appellant, Perez, was elected County Commissioner at the general election held on November 7, 1978, and appellee, McHazlett, applied for a recount of the ballots in the election as required by Article 9.38a of the Texas Elec-

tion Code. The official recount of the ballots resulted in McHazlett being elected County Commissioner. Although Perez participated in the recount, he chose to ignore the same, was administered the oath of office, and has attempted to act as County Commissioner. After hearing evidence, the trial court granted the temporary injunction, and Perez has perfected his appeal to this court.

The trial court filed findings of fact and conclusions of law, which state in part:

13. The Court finds that the November 7, 1978, General Election for Zavala County Commissioner Precinct Four was first canvassed November 13, 1978, and it was announced that Raza Unida's candidate, ALEJANDRO PEREZ, received 629 votes and Democratic candidate MATTHEW G. McHAZLETT, received 628 votes.

14. The Court finds that MATTHEW G. McHAZLETT applied for a recount of ballots cast in said election for County Commissioner of Precinct Four of Zavala County as required by Article 9.38a of the Texas Election Code, that the application for recount was mailed to the opposing candidate, ALEJANDRO PEREZ, on November 13, 1978; that the said ALEJANDRO PEREZ received such application and personally attended the recount of votes cast in his race and that said recount was conducted on November 24th and November 25th, 1978.

15. The recount of the ballots showed that Plaintiff MATTHEW G. McHAZLETT received 635 votes and Defendant ALEJANDRO PEREZ received 631 votes. The Recount Committee submitted its report and totals to the Commissioner's Court sitting as the Canvassing Board at a called meeting held November 30, 1978. Plaintiff MATTHEW G. McHAZLETT was declared the duly elected County Commissioner of Precinct Four of Zavala County as provided by Article 9.38a of the Texas Election Code.

16. The Court finds that MATTHEW G. McHAZLETT has been precluded from assuming the public office to which he was elected by the people of County Commissioner Precinct Four of Zavala County, Texas.

17. The Court finds that Plaintiff has not been able to assume his office, its duties and emoluments.

18. The Court finds that Plaintiff was properly declared and duly elected County Commissioner of Precinct Four of Zavala County.

Appellant contends that the recount of the ballots was void because the statutory notice requirements of Subdivision 2(b) of Article 9.38a were not complied with; therefore, he is the duly elected County Commissioner.

■ It is our opinion that appellant's contention cannot be considered because he has not brought up a complete statement of facts. In the absence of a statement of facts, we are required to presume that the evidence was sufficient to support the findings of fact and the judgment rendered pursuant thereto. Appellee did not consent to a partial statement of facts, and in approving the statement of facts, the trial judge stated as follows:

The above and foregoing pages, have been examined by the Court, are found to be true and correct (insofar as they go) and are hereby ordered filed as the Transcription of the Court Reporter's Notes in this cause on this the (17th) day of (March), A.D. 1979.

[The following notation was written in longhand by the trial judge below the above quoted authorization of the statement of facts.]

This judge objects to the partiality of this statement—by taking only Mr. Perez's testimony it gives a distorted picture.

/s/ Troy Williams
Judge Presiding

In *Villanueva v. Harville*, 419 S.W.2d 711 (Tex.Civ.App.—San Antonio 1967, no writ), the court of civil appeals stated:

Appellant, under her first point, urges that the overwhelming preponderance of the evidence establishes that she was denied the essential elements of due proc-

ess, to-wit, notice and the opportunity to be heard and defend her property rights in the office in an orderly proceeding. We are unable to review the entire record as required in passing upon this point because of appellant's failure to comply with Rule 377, Texas Rules of Civil Procedure. The statement of facts filed herein does not contain any of the exhibits introduced in evidence although they are of obvious materiality. Among these exhibits is the order under attack, as well as other minutes and records of the Commissioners Court dealing with the need for two Justices in Precinct 1. Since appellees did not consent to a partial statement of facts, we are required to treat this as an appeal without a statement of facts. *Gordon v. Aetna Casualty & Surety Co.*, 351 S.W.2d 602 (Tex.Civ. App.—Eastland 1961, writ ref'd).

419 S.W.2d at 712.

■ Appellant's other contention that the trial court did not have jurisdiction to grant an injunction in this case is without merit. Appellant argues that appellee's only remedy is by a quo warranto proceeding against appellant since he has already taken the oath of office. Tex.Rev.Civ.Stat. Ann. art. 6253 (Vernon 1970).

According to the findings of the trial court from the hearing on the temporary injunction, appellee is prima facie entitled to the office of County Commissioner. His right to the office is conclusive until it is otherwise *determined in an appropriate proceeding* by some tribunal having authority in such matter. A proper regard for the orderly administration of government in the acts of its constituted authorities would require a defeated candidate to resort to the courts and not to self-help. On this point, this Court in *Gonzalez v. Duran*, 250 S.W.2d 322 (Tex.Civ.App.—San Antonio 1952, writ ref'd), stated:

> The status protected is that status which has followed the law. If the law were otherwise, a holdover, or one who could maintain his possession by self-help or vi et armis, in the face of results as described by those governmental officers named by the law, would be protected against those who submitted themselves to the processes of the law. The status that is protected is that which the law says exists during an election contest and not that status asserted by the strong arm of possession pending the election contest. If such were the law, a candidate though defeated, at least temporarily could substitute himself as the legal authority to declare results, could displace elections and constituted authority and government, and remain in possession, however that possession may have been gained.

250 S.W.2d at 324.

The adoption of appellant's contention would allow a defeated candidate to take the oath of office and exercise the powers of that office until the officers of the State of Texas saw fit to intervene by way of a quo warranto proceeding. We cannot give our assent to a result that would deny appellee the protection he sought by way of injunction in this case.

The judgment of the trial court is affirmed.