

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

November 29, 1984

Honorable Bill Haley
Chairman
Public Education Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No. JM-235

Re: Effect of section 23.024(h) of the Education Code on school trustee's term of office

Dear Representative Haley:

You ask whether a school district trustee, elected to a six-year term in April, 1983, is subject to having his term cut short by school board action pursuant to section 23.024 of the Education Code. This statute, enacted in 1983, allows certain school districts to establish single-member districts for electing 70% or more of their trustees. Acts 1983, 68th Leg., ch. 316, §1 at 1687. Subsection (h) of section 23.024 provides:

> At the first election at which some or all of the trustees are elected from trustee districts and after each redistricting, <u>all positions on the board shall be filled.</u> The trustees then elected shall draw lots for staggered terms as provided by Section 23.13, 23.14, or 23.15 of this code, as applicable. (Emphasis added).

Sections 23.13, 23.14, and 23.15 of the code provide that trustees in various classifications of school districts shall have staggered terms of three years, six years, and four years respectively. For example, in a school district where trustees hold six-year terms, in any one election year some trustees will be up for reelection, some will have two years remaining of their six-year terms, and some will have four years remaining to serve. In the first regular election under section 23.13, 23.14, or 23.15, all trustee positions are filled, and the trustees draw lots for terms of various length, thereby establishing the staggered terms. See Educ. Code §§23.13(c), 23.14(c), 23.15(c).

It is suggested that the single-member districts might be phased in over several years as the trustees complete their six-year terms. Section 23.024 of the Education Code, however, does not authorize a gradual changeover. At the first election, "all positions on the board shall be filled," and the trustees are to draw lots for terms of

varying length. The changeover occurs at once, and unequal terms are necessary to reestablish the scheme whereby only a portion of trustee positions are on the ballot in each election year. Moreover, the statute uses mandatory language in directing that all positions "shall" be filled. This provision effectively ends the terms of incumbent trustees who, for example, were elected to six-year terms and would otherwise have two or four years to serve.

You ask whether a trustee elected to a six-year term prior to the effective date of article 23.024 of the Education Code may be deprived of his full term by board action under that provision. The legislature in enacting section 23.024 has clearly authorized the school board to take this action. See State v. Stanfield, 18 S.W. 577 (Tex. 1892). Article VII, section 16 of the Texas Constitution empowers the legislature to fix any term of office for school trustees, not to exceed six years. See Attorney General Opinion O-1995 (1940). Section 23.024(h) fixes terms within these constitutional limits. Cf. Attorney General Opinion MW-536 (1982) (Tex. Const. art. V, §6 fixes six-year term for court of appeals judges).

The legislature may enact a statute shortening an incumbent officer's term, as long as the constitution does not fix the term of office. Popham v. Patterson, 51 S.W.2d 680 (Tex. 1932). In Tarrant County v. Ashmore, 635 S.W.2d 417 (Tex. 1982) cert. denied, 459 U.S. 1038 (1982), the Texas Supreme Court considered "the purported rights of duly elected officeholders to complete their full terms of office." 635 S.W.2d at 418. The Tarrant County Commissioners Court adopted a redistricting plan and concurrently ordered that all justice and constable precincts and each office located therein be abolished so that the newly defined offices could be filled by appointment. The justices and constables who were removed from office sought damages and other relief against the commissioners court, claiming an entitlement to complete their terms of office and violation of their due process rights.

The supreme court found that there was no taking of property in violation of article I, section 17 of the Texas Constitution or the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution. It quoted from State ex rel. Maxwell v. Crumbaugh, 63 S.W. 925, 927 (Tex. Civ. App. – San Antonio 1901, writ ref'd):

> A public office is not 'property,' within the meaning of the constitutional provision that 'no person shall be deprived of life, liberty or property without due process of law.' It is a mere public agency, revocable according to the will and appointment of the people, as exercised

in the constitution and the laws enacted in conformity therewith. Moore v. Strickling (W.Va.) [46 W.Va. 515], 33 S.E. 274, 50 L.R.A. 279. In the case cited the court in its opinion makes . . . the following quotation: 'It is impossible to conceive how, under our form of government, a person can own or have a title to a governmental office. Offices are created for the administration of public affairs. When a person is inducted into an office he thereby becomes empowered to exercise its powers and perform its duties, not for his, but for the public, benefit. It would be a misnomer and a perversion of terms to say that an incumbent owned an office or had any title to it.'

The Texas Supreme Court determined that

every public officeholder remains in his position at the sufferance and for the benefit of the public, subject to removal from office by edict of the ballot box at the time of the next election, or before that time by any other constitutionally permissible means.

635 S.W.2d at 421. Its decision is in accord with the majority rule in other jurisdictions, as shown by its survey of authorities from other states. An officer may have a property interest in his office that can be protected against interference by a private person, but "the qualified interest held by a public officer is not 'property' within the sense of constitutional guarantees against governmental taking of property without compensation." Id. at 422. See also Higginbotham v. Baton Rouge, 306 U.S. 535 (1938); Taylor v. Beckham, 178 U.S. 548 (1900); Moore v. El Paso Commissioners Court, 567 S.W.2d 15 (Tex. Civ. App. - El Paso 1978, writ ref'd n.r.e.); Attorney General Opinion H-955 (1977). Cf. Childress County v. Sachse, 310 S.W.2d 414 (Tex. Civ. App. - Amarillo, writ ref'd n.r.e.), per curiam, 312 S.W.2d 380 (Tex. 1958) (county commissioner's office not vacated by change of precinct boundaries which removed his residence from his precinct).

We conclude, based on Tarrant County v. Ashmore, that the terms of incumbent school board members may constitutionally be shortened pursuant to legislative action. The trustees have no right to serve out full terms that would bar the legislature from enacting section 23.024 and making it applicable to incumbents. The board's action pursuant to this section did not unlawfully deprive a previously elected trustee from serving out a full term.

### S U M M A R Y

Section 23.024 of the Education Code authorizes certain school districts to establish single-member districts for trustees. Under subsection 23.024(h) of the code, all trustees' positions will be filled by election at the same time, with the result that the terms of some incumbent trustees will be shortened. The shortening of incumbent trustees' terms pursuant to section 23.024(h) of the Education Code does not deprive the trustees of a property right or any entitlement to serve out a full term.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs