Jerry W. McCRAW & Robert C. Cowan, Sr., Appellants,

v.

Tom VICKERS, Bexar County Commissioners Court, et al., Appellees.

No. 04–86–00254–CV.

Court of Appeals of Texas, San Antonio.

Sept. 18, 1986.

William B. Chenault, III, San Antonio, for appellants.

Barry Hitchings, Asst. Dist. Atty., San Antonio, for appellees.

Before BISSETT, HUGHES and KLINGEMAN, Assigned Justices.*

OPINION

BISSETT, Assigned Justice.

This is an appeal from a judgment of the 166th District Court of Bexar County, Texas, which upheld the order of the Commissioner's Court of Bexar County, Texas, hereinafter called the "Justice Abolition Order," that abolished three Justice of the Peace positions in Bexar County, Texas. Suit was filed by Jerry W. McCraw and Robert C. Cowan, Sr., appellants herein, on January 10, 1986. Trial was to the court, sitting without a jury. Judgment favorable to the defendants, appellees herein, was signed on February 26, 1986. Plaintiffs have duly and timely perfected an appeal from the judgment. Henceforth, plaintiff will be referred to as "plaintiffs," and defendants will be referred to as either "defendants" or as the "Commissioners Court."

At the outset, we believe that a general statement of the case and the issues presented would be helpful. On October 29, 1985, the Bexar County Commissioners' Court approved the "Justice of the Peace/Constable Redistricting Plan No. 19B" which redistricted all the then current Bexar County Justice of the Peace precincts and created new Justice precinct po-

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to TEX.REV.CIV.STAT.ANN. art. 1812(d) (Vernon 1983).

sitions. This plan was subsequently forwarded to the United States Justice Department. This plan is not attacked in this appeal and we do not notice it further.

On December 19, 1985, after providing notice and an opportunity for concerned citizens to be heard, the Bexar County Commissioners' Court passed the "Judicial Abolition Order," which abolished the place two, justice of the peace positions in precincts one, two, and three, effective December 31, 1986. This action of Commissioners' Court was submitted to the U.S. Justice Department on December 20, 1985. The Attorney General of the United States, by letter dated February 20, 1986, advised the County Judge of Bexar County, Texas, that he "does not interpose any objection to the changes in question."

Trial on the merits was had on January 23, 1986. The sole issues and theories raised by plaintiffs' trial pleadings and evidence presented at the trial were: 1) the Bexar County Commissioners' Court order of December 19, 1985, abolishing the justice of the peace positions violated Article 5, Section 18(a) of the Texas Constitution; 2) the action by the Commissioners' Court denied them due process of law; and 3) the action by the Commissioners' Court was arbitrary and constituted an abuse of discretion.

On February 26, 1986, plaintiffs filed a motion for new trial, wherein, among other allegations, it was alleged that they were entitled to a new trial, because: 1) the action by the Commissioners' Court in passing the "Judicial Abolition Order" violated the provisions of Article 16, Section 65, of the Texas Constitution; 2) the trial court erred in upholding the Order because such action was "taken without the required enabling legislation"; and 3) such action was in violation of the constitutional requirement of equal protection under the law due to failure to have a final and definitive order of the Commissioners' Court prior to February 3, 1986, the deadline for filing as candidate for election to the office of Justice of the Peace, Place 2, Precinct 2. The

motion for new trial was overruled, and this appeal ensued.

At the trial, it was stipulated by the parties:

(1) Bexar County is a county in the State of Texas with a population in excess of 30,000 according to the [sic] most recent federal census.

(2) Bexar County is divided into five (5) Justice of the Peace precincts by the Bexar County Commissioners Court.

(3) The City of San Antonio is a duly organized city in Texas under the laws of the State of Texas.

(4) San Antonio is a city in Bexar County, Texas with a population in excess of 18,000 inhabitants.

(5) San Antonio is a city in Bexar County, Texas with a population in excess of 800,000 inhabitants.

(6) San Antonio, A city in Bexar County, Texas, with a population in excess of 800,000 inhabitants may be found in each of the Justice of the Peace precincts, to wit: Justice precincts no. 1, no. 2, no. 3, no. 4, and no. 5.

(7) No Justice of the Peace precinct in Bexar County contains the entire City of San Antonio.

(8) Each Justice of the Peace precinct in Bexar County contains in excess of 100,000 inhabitants of the city of San Antonio, Bexar County, Texas.

(9) No incorporated city with a population of 18,000 or more inhabitants is "wholly" or entirely within a single Justice of the Peace precinct in Bexar County.

(10) Jerry W. McCraw, Plaintiff herein, is a resident of Justice precinct no. 2 in San Antonio, Bexar County, Texas, who has duly filed everything necessary to be placed upon the ballot for the office of Justice of the Peace precinct no. 2 place no. 2, in the Republican Primary in May 1986, and, if the primary winner, the General Election Ballot in 1986, as the candidate of the Republican Party.

(11) Robert C. Cowan, Sr. [sic] Plaintiff herein, is a resident of Justice precinct no. 2 in San Antonio, Bexar County,

Texas, who has duly filed everything necesary [sic] to be placed upon the ballot for the office of Justice of the Peace precinct no. 2 place no. 2, in the Republican Primary in May 1986, and, if the primary winner, the General Election Ballot in 1986 as the candidate of the Republican Party.. [sic]

(12) The Office of Justice of the Peace precinct no. 2, place no. 2, and the other Justice positions sought to be abolished, are in existence, and will be in existence in 1986.

(13) The Defendants herein constitute the entire five (5) members of the Bexar County Commissioners Court.

(14) The Bexar County Commissioners Court passed an order on or about December 19, 1985, which order purported to abolish the office of Justice of the Peace in Precinct no. 1, place no. 2, Precinct no. 2 place no. 2, and Precinct no. 3 place no. 2 effective at the end of 1986.

Plaintiffs, in their first point of error, contend that the "Justice Abolition Order" violated Article 16, Section 65, of the Texas Constitution. The Commissioners' Court, in their Reply Brief, contends that this point is not properly before this Court and cannot be considered because the issue raised by the point was not raised at the trial of the case, but was raised for the first time in plaintiffs' motion for new trial.

Plaintiffs, in their First Original Petition (their trial petition), did not allege that the Order of the Commissioners' Court which abolished the affected Justice of the Peace positions violated Article 16, Section 65, of the Texas Constitution. The pleadings alleged that the action by the Commissioners' Court violated only Article 5, Section 18(a), of the Texas Constitution. There is nothing in the statements of facts or in the exhibits that were introduced in evidence at the trial which indicates, directly or by implication, and plaintiffs were contending that the action by the Commissioners' Court in ordering the abolition of the subject Justices of the Peace positions was in violation of Article 16, Section 65, of the Texas Constitution. And, it is conclusively shown by the record that the issue of whether the Order violated Article 16, section 65, of the Texas Constitution was not tried by consent.

It is settled law in this State that the parties to a lawsuit are restricted on appeal to the issues and theories on which the case was tried in the trial court, and an appellate court, absent fundamental error, is not authorized to consider an issue or theory that was not before the trial court. *Prudential Insurance Co. of America v. J.R. Franclen, Inc.*, 710 S.W.2d 568, 569 (Tex. 1986); *Gulf Consolidated International, Inc. v. Murphy*, 658 S.W.2d 565, 566 (Tex. 1983); *American Mutual Liability Insurance Co. v. Parker*, 144 Tex. 453, 191 S.W.2d 844, 848 (1946); *Safety Casualty Co. v. Wright*, 138 Tex. 492, 160 S.W.2d 238, 245 (1942); *Jackson v. Leonard*, 578 S.W.2d 879, 882 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Yelverton v. Brown*, 412 S.W.2d 325 (Tex.Civ. App.—Tyler 1967, no writ); *Martin v. Texas & New Orleans R.R. Co.*, 375 S.W.2d 554, 556 (Tex.Civ.App.—San Antonio 1964, no writ).

A judgment is based only on the pleadings and evidence before the trial court on the date that the judgment was rendered, and not upon pleadings or evidence which may be filed or presented thereafter. *See Cars & Concepts, Inc. v. Funston*, 601 S.W.2d 801 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.); *Hicks v. Sias*, 102 S.W.2d 460 (Tex.Civ.App.—Beaumont 1937, writ ref'd).

In the case at bar, there were neither pleadings nor evidence before the trial court when the judgment was rendered which raised or litigated the question of whether the "Justice Abolition Order" violated Article 16, Section 65, of the Texas Constitution. That issue cannot be raised in this Court because a case will be reviewed by an appellate court on the identical issues and theories raised and litigated in the trial court, and not upon issues and theories which were raised subsequent to the rendition of judgment, such, as here, in the motion for new trial.

It has been held specifically that an appellant, in order to challenge the constitutionality of a trial court's order on appeal, must first raise such issue in the trial court. *Fulcher v. Texas State Board of Public Accountancy,* 571 S.W.2d 366 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). The same rule controls in this case where complaint is made that the order of a commissioners' court is unconstitutional.

The insistence in this Court by the plaintiffs that the action by the Commissioners' Court violated Article 16, Section 65, of the Texas Constitution, can only be considered by us as a pleading defect has no merit; we cannot elevate such a pleading defect to the status of fundamental error. *Department of Human Resources v. Wininger,* 657 S.W.2d 783, 784 (Tex.1983); *American General Fire & Casualty Co. v. Weinberg,* 639 S.W.2d 688 (Tex.1982). Plaintiffs' pleading defect does not constitute fundamental error. It does not directly or adversely affect the interests of the public generally. *Ramsey v. Dunlop,* 146 Tex. 196, 205 S.W.2d 979 (1947). Plaintiffs' first point of error is overruled.

▮ Next, we consider plaintiffs' third point of error. They claim that the trial court erred in upholding the "Justice Abolition Order" because it is in direct violation of Article 5, Section 18, of the Texas Constitution "which requires that justice precincts in which there may be a city of 18,000 or more inhabitants shall have two justices of the peace elected."

Article 5, Section 18, of the Texas Constitution, as amended on November 2, 1954, provided, in part, that each county in the State

[S]hall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight ... in each such precinct there shall be elected one Justice of the Peace and one Constable, each of whom shall hold office for four years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 8,000 or more

inhabitants, there shall be elected two Justices of the Peace ...

On November 8, 1983, effective January 1, 1984, Article 5, Section 18, of the Texas Constitution was amended. Section 18(a), here involved, reads:

Sec. 18. (a) Each county in the State with a population of 30,000 or more, according to the most recent federal census, from time to time, for the convenience of the people, shall be divided into not less than four and not more than eight precincts. Each county in the State with a population of 18,000 or more but less than 30,000, according to the most recent federal census, from time to time, for the convenience of the people, shall be divided into not less than two and not more than five precincts. Each county in the State with a population of less than 18,000, according to the most recent federal census, from time to time, for the convenience of the people, shall be designated as a single precinct or, if the Commissioners Court determines that the county need more than one precinct, shall be divided into not more than four precincts. The division or designation shall be made by the Commissioners Court provided for by this Constitution. In each such precinct there shall be elected on Justice of the Peace and one Constable, each of whom shall hold his office for four years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 18,000 or more inhabitants, there shall be elected two Justices of the Peace.

The population in each of the five justice precincts in Bexar County, at all times material to this appeal, was as follows: Pct. 1—252,000; Pct. 2—219,000; Pct. 3—223,-000; Pct. 4—147,000. Bexar County currently has 8 justices of the peace with justice precincts 1, 2 and 3 each having an additional justice (categorized as Place 2). Precinct 2 was authorized a second justice of the peace in 1981, since at that time it contained all of the city of Leon Valley which had a population in excess of the then constitutional minimum of 8,000. Pre-

cinct 3 was authorized a second justice of the peace since it contained all of Universal City which also had a population of excess of the then constitutional minimum of 8,000. However, both Leon Valley and Universal City currently have populations of less than the new constitutional minimum of 18,000.

Under Article 5, Section 18(a), of the Texas Constitution, the number of Justice of the Peace positions (places) depends, not only upon the number of precincts, but the existence in any of them of a city of 18,000 or more inhabitants; the object of the Constitution in providing for two justices of the peace in precincts containing a city of 18,000 or more inhabitants entirely located in the precinct, is for the convenience of the people. *Williams v. Castleman*, 112 Tex. 193, 247 S.W. 263 (1922); *See also Grant v. Ammerman*, 451 S.W.2d 777 (Tex.Civ.App. —Texarkana 1970, writ ref'd n.r.e.); and *Meredith v. Sharp*, 256 S.W.2d 870 (Tex. Civ.App.—Texarkana), *aff'd*, 152 Tex. 437, 259 S.W.2d 172 (1953).

We hold that the passage of the "Justice Abolition Order" did not violate Article 5, Section 18, of the Texas Constitution. As a matter of law, a city of 18,000 or more inhabitants must be wholly and entirely within a single justice precinct in order for a second justice of the peace to be authorized, as provided by Article 5, Section 18. That is not the case here. Plaintiffs' third point of error is overruled.

Plaintiffs, in their second point of error, say that the trial court erred in upholding the action of the Commissioners' Court because there was no enabling legislation which authorized the Commissioners' Court to carry the constitutional principle into effect. They further argue that on December 19, 1985, when the "Justice Abolition Order" was passed, there was no enabling legislation in existence which authorized the Commissioners' Court to create or abolish Justice of the Peace positions, pursuant to Article 5, Section 18, of the Texas Constitution, and, therefore, the action by the Commissioners' Court was void.

The record shows that plaintiffs did not raise the issue in the trial court. Therefore, we cannot consider this particular point. However, were we to consider the point, we would hold that the action by the Commissioners' Court was authorized by law, and was valid. In discussing the power of authority of the Commissioners' Court pursuant to Article 5, Section 18, of the Texas Constitution, the Court, in *State ex. rel. Dowlen v. Rigsby*, 17 Tex.Civ.App. 171, 43 S.W. 271 writ ref'd, 91 Tex. 351, 43 S.W. 1101 (1897), speaking through Justice Williams, held:

... When the commissioners' court was organized, in pursuance of the constitution and the laws passed thereunder, it possessed all powers conferred by both. When the court was once established, no legislation was needed to enable it to exercise the powers given by the above provision, to divide the county into precincts. The direction is plain and simple, and without condition or restriction, except that as to the number of precincts....

The holding was approved by the Supreme Court in *Williams v. Castleman*, 112 Tex. 193, 247 S.W. 263 (1922). In addition, it was noted (247 S.W. pages 266 and 267) by the Court:

... The Constitution has prescribed that the power of determining the number of justice precincts, and of dividing the county into them, shall be exercised 'from time to time,' which means it has a potential existence at all times, and the division, redivision, or redetermination may be made at any time. *State ex. rel. Dowlen v. Rigsby*, 17 Tex.Civ.App. 171, 43 S.W. 271, 273.

\* \* \* \* \* \*

... But legislation was not necessary to enable the commissioners' court to exercise any of the powers given in this provision of the Constitution. *State ex. rel. Dowlen v. Rigsby*, 17 Tex.Civ.App. 171, 43 S.W. 271.

Plaintiffs' second point of error is overruled.

Plaintiffs, in their fourth point of error, contend that the trial court erred in upholding the constitutionality of the "Justice Abolition Order" because it failed "to follow any of the standard rules of constitutional or statutory interpretation when interpreting these constitutional provisions." In their fifth point of error, they claim that the Order denied them due process of law "due to the failure to have a definite or certain order until after the filing deadline for candidates for election has passed, since the order was not effective or enforceable, as a matter of law, until approved by the U.S. Department of Justice." Finally, in their sixth point of error, plaintiffs say that the trial court erred in upholding the constitutionality of the Order because they were denied equal protection of the laws "due to the failure to have a definite or certain order until after the filing deadline for candidates for election had passed, since the said Order was not effective or enforceable, as a matter of law, until approved by the U.S. Department of Justice. None of the points have merit.

[4] Plaintiffs contend that the plain meaning of Article 5, Section 18, of the Texas Constitution, requires two justices for every justice of the peace precinct which contains 18,000 inhabitants from *any* city. We do not agree. The Constitution requires that a city of 18,000 or more inhabitants must be *wholly* and *entirely* within a *single* justice precinct in order to come within the constitutional requirement of two justices in the justice of the peace precinct. Plaintiffs, in their brief, do not point to any particular "standard" or "rule of constitutional construction" which they claim should have been followed by the trial court. We hold that the trial court's judgment is in accordance with the plain meaning of Article 5, Section 18, of the Texas Constitution. There is nothing in the record which indicates that the trial court failed to follow "the standard rules of constitutional or statutory interpretation." Plaintiffs' fourth point of error is overruled.

■ Plaintiffs, in their trial pleadings, alleged that they had been denied "due process of law," and that issue, being litigated in the trial court, is properly before us for review. However, the issue of "denial of equal protection of the law was not raised at the time of the trial, but was raised for the first time in their motion for new trial. It is not properly before us, and we do not consider it. Accordingly, plaintiffs' sixth point is overruled.

■ There is no constitutional or statutory time limit on when the Commissioners' Court of a county may order a redistricting plan for Justice of the Peace precincts into effect or abolish justice of the peace positions in a Justice of the Peace precinct. *Telles v. Sample,* 500 S.W.2d 677, 679 (Tex. Civ.App.—El Paso 1973, writ ref'd n.r.e.); *Brown v. Meeks,* 96 S.W.2d 839 (Tex.Civ. App.—San Antonio 1936, writ dism'd).

In *State ex. rel. Maxwell v. Crumbaugh,* 26 Tex.Civ.App. 521, 63 S.W. 925, 927 (1901, writ ref'd), the court stated:

The requirements of procedural due process apply only to the threatened deprivation of liberty and property interests deserving the protection of the federal and state constitutions. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972)....

In the case at bar, neither plaintiff held office as a Justice of the Peace at any time pertinent to this case. Both filed for *election* to the office of Justice of the Peace, Place 2, Precinct 2, *after* the Commissioners' Court had passed the "Justice Abolition Order."

A review of the facts in this case shows that plaintiffs received as much due process and protection as they were due. They do not dispute the fact that notice was posted in compliance with the requirements of the "Open Meetings Act," TEX. REV.CIV.STAT.ANN. art. 6252–17 (Vernon Supp.1986). In addition, the record reveals that plaintiffs knew in advance about the Commissioners' Court hearings on the proposed abolishing of the three justice of the peace place 2 positions. Several speakers attended the public hearing

on the prospective abolition of the place two positions and argued for and against the measure. Plaintiff Jerry M. McCraw conversed with a Bexar County Commissioner concerning this matter prior to the public hearing. However, he decided not to attend the hearing. Plaintiffs clearly had notice of the hearing and an opportunity to be heard. *See Tarrant County v. Ashmore,* 635 S.W.2d 417, 424 (Tex.1982); *Villanueva v. Harville,* 419 S.W.2d 711, 712 (Tex.Civ.App.—San Antonio 1967, no writ).

There is also testimony in the record which shows that the Bexar County Commissioners' Court desired to abolish the extra justice of the peace positions because they believed that it was prudent and a responsible action to take. The U.S. Justice Department concurred with both the redistricting of the five Bexar County Justice of the Peace precincts and the elimination of the three justice of the peace place two positions.

There is no evidence that the Commissioners' Court acted arbitrarily when it passed the "Justice Abolition Order." There is no evidence that it acted without reason or in bad faith. The action by the Commissioners' Court did not constitute an abuse of discretion. Plaintiffs were not denied due process of law. Plaintiffs' fifth point of error is overruled.

In order to expedite an appeal to the Supreme Court of Texas, in the event plaintiffs desire to do so, and in the interest of justice, the right to file a motion for rehearing is denied. TEX.R.APP.PROC. 190.

The judgment of the trial court is affirmed.